### EX PARTE MAURICE.

1. An old cause having been restored to the ·docket on petition, it was error to refer the cause to a referee, one of the original parties being dead, and other necessary parties not before the court.
2. An order of reference is a proceeding in the cause, upon which all parties in interest are entitled to be heard.
3. New issues in a cause may be raised by amendment or supplemental complaint, as the case may be, but not by a petition.

Before KERSHAW, J., Williamsburg, October, 1884.

This was a petition by Ellen C. Maurice and others, *in re George P. Nelson et al.* v. *James M. Nelson et al.* The appeal was from the following order of reference:

A motion had been noticed for the present term, and duly served on Thomas M. Gilland, counsel for G. P. Nelson; John A. Kelley, attorney for J. H. Keels; M. J. Hirsch and J. Barrett Cohen, attorneys for John T. Nelson, seeking to obtain the order of the court, on behalf of the above named petitioners, for a reference of the cause of the purport of that hereinafter made. At the hearing the motion was opposed most earnestly upon various grounds, and after a very protracted discussion, involving questions of practice, the history of the cause, and the merits of the case, the decision was reserved for consideration by the court.

The only point made in the argument which has impressed me, after consideration, as, perhaps, furnishing a reason why the motion should not be granted, is that which urges that the proper parties are not all before the court. In view of the protracted character of this litigation, the complications which have already arisen, and are likely hereafter to arise, by reason of the death of parties and other contingencies, it appears to me most important that some progress should be made in the cause, and that is understood to be the object of the motion now made. The fiduci-

ary character of the relations of some of the parties, and the danger of irreparable loss, perhaps, to innocent parties, beneficiaries of the trusts set up in their behalf, are also most cogent reasons why there should be no longer delay than that which is unavoidable. The order proposed makes provision for the calling in of new parties, if found necessary, and there are persons before the court who are interested on both sides, perhaps, of all the issues to be considered by the referee. The learned and able counsel who make the motion are evidently of the opinion that the order sought will speed the cause, and it will certainly not prejudice any party not before the court at this time, or not brought before it by the referee under the terms of the said order.

It is therefore, on motion of Messrs. Johnson & Johnson, and H. J. Haynsworth, attorneys for petitioners, and J. B. Howe and George M. Trenholm, attorneys for Ellen M. Nelson and others, ordered, that Joseph F. Rhame be appointed referee in the above stated cause; that the said G. P. Nelson and J. H. Keels do account before the said referee for all their acts and doings as trustees under the deed of Samuel Fluitt, referred to in the petition herein; that the said referee take the testimony on all the issues raised by the pleadings in the cause, including the petition and answers thereto, and report his conclusions on all issues of law and fact to this court, with leave to report any special matter; and the referee have full power to cause all persons to be made parties to the cause, whose presence may be necessary to a complete adjudication of all the questions involved therein.

From this order G. P. Nelson, J. H. Keels, and others appealed to this court upon the grounds stated in the opinion.

*Messrs. Richard Dozier, T. M. Gilland, J. A. Kelley,* and *M. J. Hirsch,* for appellants.

*Messrs. H. J. Haynsworth* and *Johnson & Johnson,* contra.

February 13, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. One Samuel Fluitt, late of

the County of Williamsburg and State aforesaid, in 1852, executed a certain deed, a copy of which is found in the "Case," by which he gave considerable property, both real and personal, to his grandson, William R. Nelson, in trust, however, for his daughter, Martha E. Nelson, and for the support and maintenance of her children, "for and during her natural life," with limitations over to her children and grandchildren, if any. William R. Nelson, the trustee named in the deed, died, and his brother, George P. Nelson, a son of Martha E., was appointed in his stead. After this, the said George P. and his mother, Martha, filed a bill in the then Court of Equity against James M. Nelson, the adult children of Martha, and the children of William R., deceased, praying a sale of all the real estate conveyed in the deed, except a certain tract known as "Ox Swamp," of which they prayed partition; and an order was obtained from Judge J. T. Green to that effect, under which certain of the lands were sold by George P. Nelson, the trustee. This order provided for the purchase of said lands by the children of Martha, if they desired to so purchase, who seemed to have been regarded as remaindermen in fee.

Sometime after this, to wit, in September, 1871, George P. Nelson filed an *ex parte* petition in the cause for leave to sell a portion of Ox Swamp, which was granted; and in October thereafter another order was obtained to sell other portions of Ox Swamp. And in 1878 he filed another petition, alleging that Martha E. Nelson, the *cestui que trust*, had died during the month of April of that year, that she had retained in her possession the bulk of the property mentioned in the deed which now should be sold, and he prayed for the sale of such property as remained unsold at the death of the said Martha. Upon this petition an order was obtained from his honor, Judge Fraser, at chambers, authorizing the sale upon certain terms. Pursuant to the last order, G. P. Nelson proceeded to sell said property on saleday in January, 1879. At this sale one John T. Nelson, a minor son of the said G. P. Nelson, bid off the dwelling house tract and plantation, and perhaps other lands, at inadequate prices, as alleged. Certain proceedings were then taken by some of the parties in interest, under which G. P. Nelson was restrained temporarily from executing titles to his son of the lands bid off by

him, and also he was required to turn over all books, mortgages, moneys, and papers to the clerk of the court as substituted trustee. Various other proceedings, not necessary to be mentioned now, were taken, and in the meantime the original bill in equity had been dropped from the docket.

Under these circumstances, the petition below was filed, in which the petitioners claim that the grandchildren of Martha E., many of whom have never been before the court, are really the remaindermen in fee of the property instead of the children of the said Martha, who, they allege, are only life-tenants; that an accounting should be had of both the present and the former trustee; that a certain order to show cause should be enforced against G. P. Nelson, and that the sale of the plantation and adjoining property by G. P. Nelson to his minor son should be cancelled and declared fraudulent and void. Wherefore they prayed that all of the grandchildren of Martha E. be brought in as parties, and that the original bill be redocketed; that G. P. Nelson, late trustee, be required to file without further delay a complete account of his receipts, disbursements, accounts, and doings as trustee, &c.; that J. H. Keels, clerk, do account fully and completely for his receipts and disbursements to date, and that both trustees do also file accounts with each separate distributee; and further, that the sale made by G. P. Nelson to John T. Nelson be set aside, and that all other sales made by him be scrutinized, and where improper, they be set aside, &c.

To this petition, G. P. Nelson, John T. Nelson, and J. H. Keels filed separate answers. After which, upon notice that a motion would be made before his honor, Judge Wallace, for leave to docket the original bill in equity, with the petition below, an order, of which the following is a copy, was obtained from his honor, to wit : "It appears that several years ago a bill was filed by G. P. Nelson and others against James M. Nelson, for the purpose of settling a trust estate in which the parties were interested. The purposes and objects of the bill need not be set out here, as it is a record of the court. It seems that all persons who had an interest in the subject-matter of the bill were not made parties, nor has there ever been a final settlement of the litigation, or a final decree in the case; the case, however, has been

dropped from the docket. This petition sets out the various matters in connection with the original subject of the bill, and the petitioners ask that the case be restored to the docket, as the matters covered by the original bill have not been settled. To grant this motion is a matter of course. The bill being restored to the docket, then an opportunity is offered to the parties to raise all such issues as they may desire, and are proper by amendment or otherwise, as they may be advised. It is, therefore, ordered, that the case of George P. Nelson and Martha E. Nelson against James M. Nelson be restored to the proper calendar of this court." From this order there was no appeal.

In October following, the petitioners gave notice to the attorneys of the defendants that a motion would be made in open court for the appointment of a referee, and commanding and requiring G. P. Nelson and J. H. Keels to account before said referee for all their acts as trustees under the deed of Samuel Fluitt, referred to in the petition, and to take the testimony on all issues raised by the pleadings in the cause, including the petition and answers, * * * with leave to report any special matter, and with full power to call on all parties that may be necessary to a complete adjudication of all the questions raised in said petition. This motion was heard by his honor, Judge Kershaw, who, after hearing protracted discussion for and against, granted the order moved, appointing Joseph F. Rhame referee, and requiring the said G. P. Nelson and J. H. Keels to account as trustees under the deed of Samuel Fluitt, with power on the part of the referee to take the testimony on all issues raised by the pleadings in the cause, including the petition and answers thereto, and to report his conclusions of law and fact, with any special matter; and, further, to cause all persons to be made parties to the cause whose presence may be necessary to a complete determination of all the questions involved.

From this order the defendants have appealed. The appeal raises the following questions : 1st. Was it not error to grant an order of reference in face of the fact, that all parties necessary in the case were not before the court, one of the plaintiffs to the original bill having been dead for years, and other parties mentioned in the petition as interested not having been called in, and

no amendment having been made.    2d. Was it not error to disregard the order of Judge Wallace, which was unappealed from ? 3d. Was not the whole proceeding improperly brought, as contrary to the rules of law and practice in such cases ?

It appears upon the proceedings below, that one of the two plaintiffs (to wit, Martha E. Nelson), in the original bill, had been dead for several years before the filing of the petition herein. It also appears in said petition that some of the grandchildren of the said Martha had never been made parties to said bill, or to any of the proceedings since.  Such being the fact, we do not see how the case could be properly referred to a referee.    In the absence of these parties, it was not ripe for reference.    An order of reference is a proceeding in the cause, upon which all parties in interest are entitled to be heard, and it is, therefore, premature to grant such an order before all the parties necessary to a proper adjudication of the cause are before the court.    We are not fully advised as to the precise interests of Martha E. Nelson, deceased, but she was a *cestui que trust* under the deed, and was a necessary, as well as an actual, party to the original bill, and her representatives should have been brought in, as prescribed by the code, in case of the death of a party, so as to insure the further progress of the cause.    It is admitted, too, that certain of the grandchildren of Martha E. are beneficiaries under the deed, many of whom, it is stated in the petition, have not been made parties.    This, we think, was necessary before the case could be referred.

The more serious objection, however, to the order appealed from is that it incorporates and refers to the referee various matters, which have occurred since the filing of the original bill, in advance of, and without, any amendment to said bill.    It not only refers the original bill, with the issues raised therein, but it also refers the petition and the answers thereto, with the issues therein, with leave to the referee to report his conclusions of law and fact on all the issues raised.    The code provides for raising new issues in a cause either by amendment or by supplemental complaint (*McCaslan* v. *Latimer*, 17 *S. C.*, 123), as the facts may warrant, but we know of no authority by which this can be done by a petition, like this below.

The case seems to have been long delayed, and no doubt it is important that it should be brought to a close, and as the order in question was passed to the end that progress should be made, so that a final adjudication should be had at an early day, we would be glad to affirm it; but not finding any legal authority for such an order in the rules prescribing the practice in such cases, it must be reversed.

It is the judgment of this court, that the order of the Circuit Court be reversed, and that the case be remanded, so that the parties may take such orders for the perfecting of their pleading as they may be advised.