## 10704

### SEACOAST PACKING CO. v. LONG

#### (108 S. E. 159)

1. EVIDENCE—WRITTEN SUBSCRIPTION CONTRACT CANNOT BE VARIED BY PAROL.—A written subscription to corporate stock cannot be varied by proof of a parol contract made by the parties soliciting the subscription.

2. CORPORATION—IN ACTION ON STOCK SUBSCRIPTION, ALLEGATION AS TO AGREEMENT AND FRAUDULENT REPRESENTATIONS OF SOLICITORS HELD NOT TO STATE A DEFENSE.—In an action on a stock subscription, allegations that parties soliciting the subscription made a certain parol contract and made fraudulent representations do not state a defense where nothing is alleged to show any connection between the corporation and those soliciting the subscription.

3. CORPORATIONS—STOCK SUBSCRIPTION ENFORCEABLE, THOUGH MADE BEFORE ORGANIZATION.—It is not a defense to an action on a stock subscription that the subscription was made before the corporation had come into existence as bona fide subscription to the capital stock is a condition precedent to the formation of the corporation.

Before DeVore, J., Beaufort.    Affirmed.

Action by Seacoast Packing Co. against R. A. Long. From order striking out certain defenses as sham, the defendant appeals.

*Mr. Randolph Murdaugh,* for appellant, cites: *Subscriber may give his subscription on condition that full amount be subscribed:* 14 C. J., 538, et seq. *Defense to be frivolous must be manifestly so:* 2 S. C., 422. *Answer set up proper defenses:* 1 S. E., 255; 73 Ga., 437; 109 Md., 558; 130 Am. St. Rep., 531; 16 Ann. Cas., 1247; 16 S. E., 877; 75 Md., 367; 14 C. J., 538.

*Mr. W. J. Thomas,* for respondent, cites: *Corporation may get charter after subscription of 50 per cent. of stock:* 1 Civ. Code, 1912, Secs. 2837-8; 16 A. & E. Ann. Cas., 1255-6. *Mismanagement no defense by subscriber:* 48 S. C., 278. *Mistaken belief that he could forfeit subscription no de-*

*fense*:   10 Rich. L., 282-3.   *Nor can subscriber set off debt of corporation against subscription*:   57 S. C., 52. 55 S. C., 78; 43 S. C., 80.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The complaint alleges that the defendant, along with others, subscribed in writing for five shares of the capital stock of the plaintiff corporation at a par value of $100 per share and had failed to comply with the terms of the subscription.

The defendant, for a second defense, alleges a failure of the plaintiff to comply with a certain parol contract made by "the parties soliciting his subscription," and that the representations were fraudulently made. The third defense was that the subscription was made before the corporation had come into existence. On motion these defenses were stricken out as sham. From this order this appeal is taken.

I. Inasmuch as a written contract cannot be varied
1, 2   by parol, and nothing was alleged to show any connection between the corporation and "those who solicited the subscription, this defense could be stricken out 'without argument.'"

II. Inasmuch as bona fida subscription to the capital stock is a condition precedent to the formation
3   of a corporation, this defense also fails "without argument."

The exceptions are overruled and the order appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting): Action to recover an unpaid subscription of $500 to the capital stock of a

proposed corporation. The defendant admitted making the subscription but alleged as defenses to the action that he made the subscription upon the representation of the parties soliciting subscriptions: (1) That the corporation would not be formed until the whole amount of the proposed capital stock, $150,000, had been subscribed for by bona fide subscribers; (2) and upon the further representation by said parties that two of the subscribers had covenanted and agreed to underwrite $50,000 of the subscriptions; and (3) upon the further assurance that the business to be conducted by the corporation was the operation of a packing plant; (4) that the whole amount of the proposed capital stock has not been subscribed for; that the representation as to the underwriting of $50,000 thereof was false; that the corporation has contracted to go into other business in addition to the operation of a packing plant; (5) that he would not have made the subscription but for the foregoing representations, and that by reason of the false and fraudulent character thereof there has been a failure of consideration in his subscription; that the same is of no force and effect, and that he had been relieved of all liability thereon; (6) that the subscription was made to a company which was not in existence at the time it was given and was without consideration.

Upon motion of plaintiff's attorney the Circuit Judge passed an order striking out as frivolous, sham, and irrelevant the foregoing defenses, "except any allegations of fraud and misrepresentation therein contained."

There is, of course, no merit in the defense numbered (6) in the above enumeration. The corporation cannot be formed until the requisite subscriptions have been made, which are necessarily valid before the actual existence of the corporation takes place.

Should there be any merit in the other defenses, the other should be reversed as utterly incapable of execution.

To strike out all of the allegations of fact constituting the fraudulent misrepresentation and leave only the bald allegation of fraud and misrepresentation, would render that which was left without supporting allegations. Should there be no merit in these defenses, the whole of them, including the allegations of fraud and misrepresentations, should have been stricken.

The several defenses above outlined, with the exception of the sixth, which upon its face is untenable, will now be considered.

The first defense in the enumeration adopted herein is based upon the alleged false representation that the entire capital stock of $150,000 would be subscribed before the corporation would be formed. This is a perfectly valid condition to a subscription, a prudent provision, which a subscriber who puts his money into a proposed venture has the unquestionable right to insist upon, taking the very sensible position that, while he may be willing to risk his money in an enterprise organized with sufficient capital to meet the demands of the business, he is not willing to be foster father to a cripple. This, however, is not the misrepresentation of a fact, but rather an assurance of the policy of the corporation, a condition which the subscriber has the right to impose, but which, to become effectual, must be in writing and a part of the original subscription. A subscription to stock is a contract, and when evidenced in writing, is subject to the same rule as to parol evidence that all other contracts are subject to.

"Under the general rule of evidence that a written agreement cannot be varied or added to by parol evidence, it is not competent for a subscriber to stock to allege that he is but a conditional subscriber. The condition must be inserted in writing in order to be effectual." 1 *Cook on Corp.*, (6th Ed.) § 81.

If, therefore, the defendant may not be able to establish this condition attached to his subscription, in the manner

provided by law, he cannot claim the benefit of it. That is a matter, however, that may arise upon the trial of the case; it is no ground for striking out the defense as frivolous, sham, and irrelevant. If it be valid defense, when properly established it cannot be thus characterized. In the case of *Groce v. Jenkins,* 28 S. C., 172; 5 S. E., 352, the Court holds that it is not necessary to allege in the complaint that an agreement as to lands, sought to be enforced, was in writing; that is a matter of proof not pleading under the statute of frauds. By analogy, it is not necessary to allege that the representation was in writing and a physical part of the contract of subscription; that is a matter of defense, one of evidence, and not pleading. The question of the authority of the promoters to bind the corporation by assurances or representations is discussed in reference to the second defense.

The second defense is based upon the alleged false representation that two of the subscribers, presumably men of means, had covenanted and agreed to underwrite $50,000 of the subscriptions. This representation differs very materially from the provision or assurance referred to above in the discussion of the first defense. To state that Mr. Richardson and Mr. Christensen had so agreed is the statement of a fact, not a promise or an assurance; a most persuasive, inducing argument in securing the defendant's subscription, particularly in view of the previously discussed assurance in reference to the subscriptions to the entire capital stock. If, as we must assume from the allegations of the complaint, the defendant would not have subscribed but for this representation, and it was false, the defense was good, and should not have been stricken out.

It is suggested that the complaint does not show any connection between the corporation and those who made the representation. It must be remembered that the corporation had not at that time been created; there was no one in a posi-

tion to speak for it except the promoters: If the corporation seeks to take advantage of the canvassing work of these promoters, it cannot accept the benefits without the burdens.

In 1 *Cook on Corp.*, (6th Ed.) § 104, it is said :

"The well established rule now is that a corporation cannot claim or retain the benefit of a subscription which has been obtained through the fraud of its agents. The misrepresentations are not regarded as having actually been made by the corporation, but the corporation is not allowed to retain the benefit of the contract growing .out of them, being liable to the extent that it has profited by such misrepresentations. The question of the authority of the agent taking the subscription is immaterial herein. It matters not whether he had any authority, or exceeded his authority, or concealed its limitations. The corporation cannot claim the benefits of his fraud without assuming also the representations which procured those benefits. Parol evidence is admissible to show the fraud, since it does not vary or contradict the contract, but shows that no contract was legally entered into."

It was therefore error in the Circuit Judge to strike out the defense.

The third defense is based upon the alleged false representation that the business to be conducted by the corporation was the operation of a packing plant. This statement or promise or assurance is ruled by the observations made in connection with the first defense.

The judgment of this Court should be that the order appealed from is reversed.