## 10705

## SEACOAST PACKING CO. v. SCHEIN

### (108 S. E. 289)

1. PLEADING—DEFENSE THAT STOCK SUBSCRIPTION MADE ON FAITH OF REPRESENTATIONS FULL AMOUNT OF STOCK SUBSCRIBED PROPERLY STRICKEN WHERE BASED ON MERE RUMOR.—In an action for the unpaid balance of a stock subscription, there was no error in striking out a defense that such subscription was made on the faith of the representation that the full amount of the capital stock had been subscribed for by bona fide subscribers, where such defense was based on mere rumor, and not connected with plaintiff or its duly authorized agents.

2. PLEADING—DEFENSE THAT STOCK SUBSCRIPTION BECAME BINDING ONLY AFTER FULL AMOUNT OF CAPITAL STOCK SUBSCRIBED ERRONEOUSLY STRICKEN.—In an action for the balance of a stock subscription, a defense that such subscription, by its terms, became binding only after the full amount of the capital stock had been subscribed was not subject to being stricken out as sham; it setting up a violation of the terms of the subscription.

3. PLEADING—DEFENSE SUBSCRIPTION MADE ON AGENT'S ASSURANCE PERSON OBJECTIONABLE TO SUBSCRIBER WOULD NOT BE MADE DIRECTOR ERRONEOUSLY STRICKEN.—In an action for the balance of a stock subscription, a defense that such subscription was made on the assurance of the corporation's agent that a certain person objectionable to defendant would not be made a director cannot be stricken out as sham, being based on a violation of the conditions of the subscription.

Before DEVORE, J., Beaufort, March, 1921.   Modified.

Action by Seacoast Packing Co. against D. Schein. From order striking out certain defenses in the answer, the defendant appeals.

*Messrs. Moffatt & Marion* and *C. M. Aman,* for appellant, cite:   *Defense that subscription not payable   until   all stock is subscribed is a good one:·  72* Atl. 399 (Md.) ;   16 Ann. Cas. 1247; 52 Atl. 975 (Md.) ; 93 Am. St.  Rep. 339; 7 R. C. L. Sec. 203; 6 S. W. 134   (Tex.) ;   15 S.   W.   674 (Tex.).   *Misstatement as to personnel of officers a good defense:*   131 N. C. 178; 42 S. E. 576; 34 Beav. 630; 8 Ry. & Corp. L. J. 197; 62 L. T. N. S. 30; 23   Ch. Div.   413, 49 L. T. N. S. 348; 33 L. R. A. 733.

*Mr. W. J. Thomas,* for respondent, cites :   *Not necessary for whole stock to be subscribed:*   1 Civ. Code 1912.   Secs. 2837, 2838; 16 Ann. Cas. 1255.   *Mismanagement no defense:*   48 S. C. 278.   *Subscriber liable even though he had mistaken idea that he could forfeit stock   at   pleasure:*   10 Rich. L. 282.   *Stockholder cannot set off claim against the corporatioon:*   57 S. C. 52; 55 S. C. 78; 43 S. C. 80.

August 1, 1921.

The opinion of the Court was delivered   by MR. JUSTICE FRASER.

This is a case similar to the case of *Seacoast Packing Co., v. Long,* filed herewith, 108 S. E. 159.

The complaint alleges that the   defendant   subscribed in writing for 10 shares of the capital stock of the plaintiff corporation, and had failed to comply with the   terms of his contract.   An order was made on motion   of the   plaintiff striking out the second, third, and fourth  defenses.   From this order the defendant appealed.

1. There was no error in striking out the second defense.   This defense was based on mere rumor, not connected in any way with the  plaintiff   or   its   duly authorized agents.

II. The third defense sets up a violation of the terms of his subscription, and is not subject to being stricken out as sham.

III. The fourth defense is based upon the violation of the conditions of defendant's subscription and cannot be stricken out as sham.

The judgment appealed from is modified. ·

Mr. Chief Justice Gary and Mr. Justice Watts concur.

Mr. Justice Cothran (dissenting) : Action to recover a balance of $800 upon a subscription of $1,000 to the capital stock of a proposed corporation. The defendant admitted making the subscription, but alleged as defenses to the action: (1) A general denial; (2) that his subscription was made upon the faith of the representation that the full amount of the capital stock, $150,000, had been subscribed for by bona fide subscribers; (3) that his subscription by its terms became binding only after the full amount of the capital stock had been subscribed; (4) that his subscription was made upon the assurance of the agent of the corporation that a certain person objectionable to him would not be made a director in the corporation; (5) that the whole amount of the capital stock had not been subscribed for; that the assurance as to the election of the undesirable citizen had not been kept; (6) other matters not material to the present inquiry; (7) that his subscription and the payment made thereon were made and obtained by false statements and representations of the plaintiff's representative, relied upon by the defendant; (8) counterclaim for the $200 paid in.

Upon motion of plaintiff's attorney the Circuit Judge passed an order striking out as frivolous, sham, and irrelevant the second, third, and fourth defenses epitomized, "except any allegations of fraud that may be contained therein."

Should there be any merit in the defenses, the order should be reversed as utterly incapable of execution. To strike out all of the allgations of fact constituting the alleged fraud and leave only the bald allegations of fraud would render that which was left without supporting allegations. Should there be no merit in them, the whole of them, including the allegations of fraud, should have been stricken. The several defenses above outlined as (2), (3), and (4) will therefore be now considered.

The first defense is based upon the alleged false representation that the entire capital stock of $150,000 had been subscribed for by bona fide subscribers. This, if made, was the representation of a fact, material to the defendant, upon which he relied, and, if false and fraudulent, avoided his subscription.

"Any false statement by the authorized agents of a corporation, in regard to the past or present status of the corporate enterprise, or material matters connected therewith, whereby subscriptions are obtained, is a fraudulent representation. Thus a false statement that a certain amount of stock had been subscribed for * * * has been held to constitute a fraudulent representation, entitling the subscriber induced thereby to subscribe, to the remedies provided for him by law in such cases. In all these cases, however, the distinction between statements relative to the prospects and capabilities of the enterprise and statements specifically specifying what does or does not exist must be carefully borne in mind. The former are matters of opinion; the latter are material representations, and are fraudulent if false." 1 Cook, Corp. (6th Ed.) § 145.

Such representations by promoters or solicitors of stock are binding upon the corporation when it adopts the subscription as shown by suit thereon. See opinion of the writer hereof in the case of *Seacoast Co. v. Long,* filed herewith, 108 S. E. 159.

The third defense is based upon the allegation that the defendant's subscription by its terms became binding only after the full amount of the capital stock had been subscribed. It must be assumed from the allegations of the answer that this condition was contained in the contract of subscription, as a part of it. If so, the defendant has the right to stand upon the condition which was entirely reasonable. Whether or not he may be able to establish it upon the trial is another question.

The fourth defense is based upon the breach of the assurance that a certain person would not be elected a director. This is not the representation of a fact, but an assurance or promise, of which the defendant is not entitled to avail himself, unless it is shown to have been a part of his contract of subscription, as indicated in the Long case.

The judgment of this Court should be that the order appealed from be reversed.