11715

FRANCIS MARION HOTEL v. CHICCO
FRANCIS MARION HOTEL v. CHICCO *ET. AL.*

(127 S. E., 436)

1. PLEADING—DEFENDANT'S ACCEPTANCE OF CONTINUANCE OFFERED BY COURT ON ALLOWING OF AMENDMENT TO COMPLAINT IS WAIVER OF ANY ERROR THEREIN.—Where Court on allowing amendment of complaint offered to grant defendant a continuance if he was surprised and unable to make proper defense, *held* that acceptance of such offer would have been an acknowledgment of correctness of Court's ruling in permitting amendment and a waiver of objection so far as future trials were concerned.

2. APPEAL AND ERROR—PLEADING—PERMITTING AMENDMENT OF COMPLAINT RATHER THAN FILING OF SUPPLEMENTAL COMPLAINT FOR INSTALLMENTS MATURING PENDENTE LITE HELD ERROR AND PREJUDICIAL.—Amendment of complaint and filing of supplemental complaint are not interchangeable remedies, and in action on stock subscription contract it was error to permit plaintiff to amend complaint at trial to include installments maturing after time of serving com-

plaint, a supplemental complaint only being proper and such error was ground for reversal.

3. CORPORATIONS—STOCK SUBSCRIPTION CONTRACT HELD NOT INVALIDATED BY FACT THAT CORPORATON WAS FORMED WITHOUT BOARD OF CORPORATORS.—Where, after subscription to capital stock of contemplated corporation was signed, the law relating to formation of corporations was changed to eliminate necessity for a board of corporators, fact that corporation was formed without a board of corporators did not invalidate subscription contract.

4. CORPORATIONS—STOCK SUBSCRIBER NOT ENTITLED TO COMPLAIN THAT CORPORATION GAVE MORE TIME FOR PAYMENT OF SUBSCRIPTIONS THAN SUBSCRIPTION CONTRACT.—Stock subscriber may not complain that corporation called for payment of subscriptions in manner allowing more time for payment than subscription contract provided for.

5. CORPORATIONS—FORFEITURE OF POWERS FOR DELAYED ORGANIZATION INAPPLICABLE TO CORPORATION CREATED BY SECRETARY OF STATE.—Civ. Code, 1922, § 4261, providing that if corporation created by General Assembly does not organize within two years from date of incorporation its corporate powers shall cease, does not apply to corporations created by Secretary of State.

6. CORPORATIONS—CORPORATE EXISTENCE CANNOT BE COLLATERALLY ATTACKED FOR DELAY IN ORGANIZATION.—Under Civ. Code, 1922, § 4261, providing that if corporation created by General Assembly does not organize within two years from date of incorporation, its corporate powers shall cease, corporate existence cannot be attacked collaterally on that ground in action on subscription contract, but only by direct action in name of State.

Before JOHNSON, J., Charleston, April, 1924. Reversed and new trial ordered *nisi.*

Two actions by the Francis Marion Hotel, a corporation, against Vincent Chicco, Jr., and against Vincent Chicco, Jr., and another, copartners, doing business as Chicco Bros. From judgment for plaintiff in each case, defendants appeal.

*Messrs. Waring & Brockinton,* for appellants, cite: *Distinction between "Amendment" and "Supplemental Pleading":* 31 Cyc., 499; Code Proc., 1922, Secs. 435, 436, 440; 17 S. C., 123; 24 S. C., 173. *Law regulating incorporation* (Code, 1912, Secs. 2834, 2835) *must be substantially complied with:* 104 S. C., ·84. *When promise to subscribe before incorporation is binding:* 14 C. J., 520,

546; 2 Rich. L., 368; 3 Strob., 245. *Corporation must organize in two years:* 3 Code, 1922, Sec. 4261.

*Messrs. Moffett & Hyde,* for respondent, cite: *Issue might have been made by demurrer to complaint:* 105 S. C., 653; 124 S. C., 68. *Where both parties move for direction of verdict ruling of Judge has force and effect of verdict of jury:* 2 R. C. L., 198; 18 A. L. R., 143; 26 R. C. L., 1080-81; 28 Ann. Cas., 1342; 1 R. C. L. Sup., 439; 4 R. C. L. Sup., 1696; 15 A. L. R., 898; 23 A. L. R., 1429. *Motions to amend:* 89 S. C., 198; 121 S. C., 49; 85 S. C., 422; 56 S. C., 90; 68 S. C., 256; 5 Ann. Cas., 674. *When agreement to subscribe is enforceable:* 4 L. R. A., 507; L. R. A., 1918C, 844; 136 A. L. R., 736; 7 R. C. L., 222, 223, 224; 14 C. J., 507; 116 S. C., 406; 120 S. C., 132; 124 S. C., 68. *Subscription not waived by irregularity in incorporation:* 48 S. C., 272; 14 C. J., 521; 7 R. C. L., 54, 225; 10 Rich., 278; 33 S. C., 53; 117 Pac., 1041; 7 A. L. R., 963. *Percentage of payment required is of the Whole amount subscribed:* 6 A. L. R., 1117; 14 C. J., 548; 14 S. C., 281. *Forfeiture of charter must be by public official:* 7 R. C. L., 725; 2 L. R. A., 256; 8 L. R. A., 499; 9 L. R. A., 37; Ann. Cas., 1914A, 936; 51 S. C., 129.

March 11, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

As these two cases are in all respects similar, except as to the amounts claimed, our decision will be confined to the first case only, it being understood that our conclusion applies with equal force to the second case also.

In December, 1919, the defendant signed a subscription to the capital stock of the plaintiff for 10 shares of the par value of $100 each. Payment was to be made as follows: Twenty per cent. upon organization and the balance in payments not exceeding 10 per cent. at intervals of not less than 60 days. There was considerable delay in raising the re-

quired capital stock and the charter was not granted by the Secretary of State until February 3, 1922.

On September 2, 1922, this action was brought to recover the sum of $600, it being claimed that that amount was due upon the stock subscription of the defendant at the time of serving the complaint. The answer of the defendant admitted the corporate existence of the plaintiff, denied all other allegations of the complaint, and set forth several defenses which will be more particularly referred to hereafter. Prior to the day of trial, the attorneys for the plaintiff served notice of a motion to amend the complaint by demanding $1,000 instead of $600, stating that since the filing of the complaint the remaining amount due upon the subscription had become due. Over the objection of the defendant's attorney, the motion was granted. Upon exception to the ruling of the presiding Judge, the following appears in the record:

"The Court: Mr. Waring, I am going to grant the motion, and if you are surprised and cannot make a proper defense to the complaint as presented (amended?) I will grant you a continuance.

"Mr. Waring: I cannot state that, your Honor."

Exceptions 1 and 2 impute error on the part of the trial Judge in allowing the amendment, the position of the defendant being that as the balance of the subscription became due after the filing of the complaint that the plaintiff should have sought leave of the Court to file a supplemental complaint rather than amend his original one. As opposed to this view, the plaintiff says that the power of amendment rests solely in the discretion of the presiding Judge and, also, as the defendant was not taken by surprise and did not avail himself of the offer to continue the case, he cannot be heard to complain.

That the defendant was not surprised in this matter is conclusively shown by the very candid statement of his counsel. What, however, would have been the

effect of his acceptance of the offer of the trial Judge? It
would have amounted to an abandonment of his objection
that the amendment was improper, and this could not be
forced upon him.   An acceptance of the offer to continue
would have been an acknowledgment of the correctness of
the ruling of the Court and a waiver of the objection in so
far as future trials were concerned.

The question, therefore, is strictly as to whether or
not the amendment was proper, and to this we will
now direct our inquiry.   In 21 R. C. L., 503, the fol-
lowing statement is sustained by many authorities:

"It is the office of a supplemental pleading to bring for-
ward facts that have transpired since the institution of the
suit."

In 31 Cyc. 499, the rule is thus stated:

"The rights of parties to an action are ordinarily to be
determined by the state of facts existing at the time of its
commencement.   If new matter subsequently arises, it can-
not ordinarily be introduced under the original pleadings,
or be brought in by amendment; but should be taken ad-
vantage of by a supplemental pleading."

The rule is likewise pronounced as established law in
Bliss on Code Pleading (3d Ed.), § 432.   These authorities
are cited merely to show the general and undisputed rule
on the subject.   Recourse will now be had to the decisions
of our own court of last resort.

The leading case on the subject is *McCaslan v. Latimer,*
17 S. C., 123.   Chief Justice Simpson, lovable and able,
thus expresses the rule:

"Both amendments and supplemental pleadings are pro-
vided for in the Code, but there is a marked distinction be-
tween the two.   They are allowed upon different condi-
tions and are intended to meet different contingencies.
They are not interchangeable remedies, to be employed in-
differently at the choice of the pleader, but distinct and
separate proceedings, each depending upon its own prin-

ciples and governed by its own facts. Where the one is required, it is error to substitute the other."

Further, considering the two sections of the Code relating to amendments and supplemental pleadings and the difference between them, the opinion says:

"The mind would reach this conclusion simply upon reading these different sections and without the aid of commentators. But when we find that the best annotators of the Code have placed this construction upon these sections, this view is not only strengthened and confirmed, but is left without doubt."

Other authorities cited by the then Chief Justice in this case are equally clear and convincing.

Again the same Chief Justice says in *Moon v Johnson,* 14 S. C., 434, citing *McCullough v. Colby,* 17 N. Y., Super. Ct. 603:

"Facts accruing after suit brought cannot be inserted under any circumstances in the original complaint by way of amendment."

In *Ex parte Maurice,* 24 S. C., 173, the Court likewise sustains this view.

It may be urged that the defendant was in no way injured by the trial Judge's ruling, and that no benefit but only delay will result from sustaining the objection of the appellant. We are willing to rest our conclusion upon the following excerpt from the *Maurice Case, supra:*

"The case seems to have been long delayed, and no doubt it is important that it should be brought to a close, and as the order in question was passed to the end that progress should be made, so that a final adjudication should be had at an early day, we would be glad to affirm it; but not finding any legal authority for such an order in the rules prescribing the practice in such cases, it must be reversed."

As we see no good reason to disturb such a well-recognized rule of pleading, the exceptions to this ruling on the part of the trial Judge are sustained.

Exceptions 3, 6, and 9 charge error on the part of
3    the trial Judge in his rulings relating to the validity
of the stock subscriptions.  The appellant contends
that no board of corporators had been formed, and that the
subscription was invalid for that reason.  It will be noted
that, between the dates of the stock subscription and the
actual formation of the corporation, the statute law relating
to the formation of corporations had been changed, and that
the old law was no longer in effect.  Of necessity the cor-
poration was formed under the new law which did not pro-
vide for a board of corporators.  The subscription was nec-
essarily made before the corporation was formed, and the
validity of such subscriptions is fully sustained by the
recent case of *Seacoast Packing Co. v Long,* 116 S. C.,
406; 108 S. E., 159, in addition to numerous other de-
cisions and text-writers.  These exceptions are overruled.

The fifth exception charges error in not granting
·  4    the motion for a directed verdict for the defendant
upon the ground that the corporation called for the
payment of the subscriptions in a manner different from
that contained in the subscription itself.  There would be
force in this position were it not for the fact that the plain-
tiff gave to the defendant far more time to pay than he
would have had under the terms of the subscription.  The
defendant can hardly complain of this leniency.

The seventh exception charges error on the part of
5, 6    the trial Judge in not granting the motion for a
directed verdict for the defendant upon the ground
that more than two years had elapsed between the time of
taking the subscription and the date of the charter.  To sus-
tain this point, the appellant relies upon Section 4261 of the
1922 Code, as follows:

"(4261) § 12.  To Organize in Two Years.—If any
private corporation hereafter created by the General As-
sembly, incorporated under any law, does not organize and
commence the transaction of its business within two years

from the date of its incorporation or the date of the commission appointing the board of corporators, its corporate powers shall cease."

For two reasons this exception cannot be sustained. In the first place it is a provision applicable only to corporations "created by the General Assembly" and the plaintiff was created by the Secretary of State. Hence the provision does not apply.. In the second place, should the exception be sustained, we would be forced to hold that the corporate powers of the plaintiff had ceased. This would be opposed to the rule that the corporate existence cannot be attacked collaterally. See *City Council v. Railroad*, 51 S. C., 129; 28 S. E., 147; 7 R. C. L., 725; 8 L. R. A., 499. The action must be direct and must be brought in the name of the State. The appellant admits that he is not attempting an attack upon the charter of the plaintiff in general terms but that, in so far as the defendant is concerned, the plaintiff had not complied with the conditions necessary for incorporation, and that the defendant is relieved from responsibility. We do not so regard his position. To sustain it as to the defendant upon the ground of the 2-year statute would necessitate a holding that the corporate powers had ceased; that the plaintiff had forfeited its charter; and that the stockholders were merely holders of stock in a corporation which was defunct and ceased to exist.

In order that this opinion may not be unduly prolonged we may add that all exceptions have been carefully considered and overruled, except as herein stated.

It is accordingly ordered that the judgment of the Circuit Court be reversed, and a new trial granted, unless the plaintiff shall within 10 days after the filing of the remittitur in the Circuit Court remit on the judgment record, as of the date of the verdicts, the sum of $400 in the first case, and the sum of $800 in the second case, and that upon the entry of such remission the judgment of the Cir-

cuit Court stand affirmed, without prejudice to the rights
of the plaintiff to bring a proper proceeding for collection
of the additional installments alleged to be due on the stock
subscriptions, and as to which the amendment was er-
roneously granted.

Messrs. Justices Fraser and Marion concur.

Mr. Chief Justice Gary and Mr. Justice T. P. Coth-
ran did not participate.

Mr. Justice Watts (dissenting): I think all excep-
tions should be overruled and judgment affirmed.