## CONSOLIDATED NAVAL STORES CO. v. BRANNAN TURPENTINE CO. et al.

### No. 522.

District Court, E. D. South Carolina.

April 24, 1942.

J. M. Moorer, of Walterboro, S. C., Davis & McFaddin, of Manning, S. C., and Travis & Travis, of Savannah, Ga., for plaintiff.

Barnwell & Whaley, of Charleston, S. C., and John G. Dinkins, of Manning, S. C., for defendants.

WARING, District Judge.

This cause again comes before me on motions in regard to the pleadings. In an opinion filed by me on April 2, 1942, 46 F. Supp. 271, I held that the amended complaint set forth two causes of action, namely: (1) That certain lands now standing in the name of the defendant, Ida Mae Brannan, were covered by certain mortgages heretofore given by Brannan Turpentine Company to plaintiff because the mortgages contained language covering after-acquired property; and (2) that the said lands standing in the name of Ida Mae Brannan had been acquired and paid for with funds furnished by the plaintiff to the Brannan Turpentine Company and that said lands were, therefore, impressed with a trust

274

for the plaintiff creditor. I held that the mortgages, which are on file in this court, failed to show any basis for the first cause of action and that when the case came to trial this allegation would be disregarded.

■ The defendants now move to strike from the amended complaint the paragraphs setting forth the first cause of action as above recited. This position is well taken. I can not grant the motion precisely in the language in which it is made because the paragraphs referred to set forth other matters, but the motion is granted to the extent that all such parts of the named paragraphs of the complaint, which attempt to set forth a cause of action based upon the theory that the mortgages cover after-acquired property, be stricken out and the complaint be redrafted so as to eliminate such cause of action.

The plaintiff has moved to be allowed to again amend its complaint. The notice of motion sets forth in detail the desired changes. In the amended complaint now on file in this cause it is stated that the plaintiff is the sole creditor. The plaintiff now desires to strike out that allegation and to so amend the complaint as to show that the action is brought on behalf of itself and all others similarly situated so that the action will be for the benefit of the plaintiff and any other creditors if there be such, whose names plaintiff alleges are not known to it. The plaintiff further prays that the complaint be amended by adding new paragraphs responsive to the above theory. The plaintiff also desires to add a new paragraph setting forth that since the institution of this action the plaintiff has obtained judgment against the defendant, Brannan Turpentine Company, in another cause in this court and a nulla bona return has been made thereon. This last is not really an amendment, but a proposed supplementary pleading and will be treated separately hereafter.

The defendants object to the proposed amendments and supplement and claim that they will in effect set up new causes of action and consist of new allegations of facts.

■ I shall first discuss the proposed amendments. This case has been pending for some time and a number of preliminary motions, orders and amendments have been made. The original complaint alleges only one cause of action, namely: that the mortgages cover the after-acquired property. As a result of motions and a hearing an order was filed by the Honorable C. C. Wyche, then presiding in this court, directing that plaintiff furnish the mortgages referred to in the complaint and further allowing plaintiff to amend its complaint in regard to the said mortgages "and by making such other amendments to the Complaint as plaintiff may be advised." As a result of this order plaintiff filed and served an amended complaint on January 2, 1942. This complaint embraces two causes of action as hereinabove stated. An answer was filed to this complaint and also a motion to dismiss, which motion was heard and decided by me in the opinion above referred to (April 2, 1942). In the argument before me considerable reference has been made to the original complaint and some question was made as to the propriety of the second and new cause of action being embraced in the amended complaint. I am of the opinion that the order of Judge Wyche above referred to was broad enough to allow the addition of this second cause of action and that the amended complaint is the one now before this court and entirely supersedes the original complaint.

■ The motion to further amend the amended complaint elaborates this cause of action, sets up some additional facts and makes some change in the amended complaint, but does not add a new cause of action. The Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, allow wide latitude in the discretion of the presiding judge as to amended and supplemental pleadings. Rule 15(a), provides for amendment by leave of court and provides that "leave shall be freely given when justice so requires." The attorneys representing the defendants in this cause have ably argued their objections to the proposed amendments and take the position that these proposed amendments do not merely change the theory of the suit, but actually change the facts as alleged and add new facts and are in effect new causes of action. They cite as authority forbidding such amendments, Whitham Const. Co. v. Remer, 10 Cir., 105 F.2d 371, and White v. Holland Furnace Co., D.C., 31 F.Supp. 32. These cases, however, were not decided upon the exercise of discretion

in the trial judge in allowing the amendments under Rule 15(a), but construed the effect of such amendments under Rule 15(c), and they held that because of the fact that the amendments set forth new facts and were in effect new causes of action they did not relate back to the date of the original pleadings as provided in Rule 15(c). The amended complaint filed January 2, 1942, already contains the above-recited second cause of action. No new cause of action is stated in the proposed amendments, but there are additional facts, which the plaintiff claims it was not aware of at the time of the filing of such amended complaint. I am, therefore, of the opinion that under the Rules of Court plaintiff is not precluded from making these proposed amendments and that in the exercise of the wide discretion given by the Rules it is the duty of the trial judge to allow the amendments.

I shall now consider the prayer to set up new matter which has arisen since the amended complaint and answer and prior to the hearing in this cause, namely: the allegation of entry of judgment by the plaintiff against the defendant, Brannan Turpentine Company, in another case, and a return of nulla bona thereon. This being new matter can and should be set up by supplemental pleadings. There is often confusion between amended pleadings and supplemental pleadings. The Supreme Court of South Carolina has several times passed upon the matter and attempted to clear the confusion so frequently met with in regard to these questions. See Francis Marion Hotel v. Chicco, 131 S.C. 344, 127 S.E. 436, McCaslan v. Latimer, 17 S.C. 123, Ex parte Maurice, 24 S.C. 173. The Rules of Civil Procedure for the District Courts of the United States clearly recognize this difference. Rule 15 covers amended and supplemental pleadings. Subdivisions (a), (b) and (c), cover amendments and (d) covers supplemental pleadings. This subdivision appears to me to leave the matter entirely to the discretion of the court as to the granting of leave to serve supplemental pleadings. Certainly this court has the power to grant this leave. See City of Texarkana v. Arkansas Louisiana Gas Company, 306 U.S. 188, 620, 59 S.Ct. 448, 83 L.Ed. 598. I am of the opinion that if the plaintiff desires or deems it necessary to allege the judgment and nulla bona return that it should be allowed to do so.

I have, therefore, reached the conclusion that the prayer of the plaintiff to be allowed to amend and supplement its complaint should be granted, along with the prayer on behalf of the defendants that such allegations of the amended complaint as relate to the first cause of action hereinabove referred to should be eliminated. In order to carry this into effect it will in my opinion be proper that the pleadings be redrafted in accordance with the views herein set out and an order will be entered allowing the plaintiff to redraft, file and serve, an amended and supplemental complaint wherein it will set forth such appropriate allegations as are contained in the present amended complaint, which refer to and set forth the cause of action hereinabove denominated the second cause of action, together with amendments as prayed for in the motion presented and hereinabove discussed. At the same time in such amended and supplemental complaint it will eliminate such allegations as relate to the first cause of action; and in order to clarify and simplify the pleadings the paragraphs therein may be renumbered.

A formal order will be filed granting leave for the amendments and supplementing of the amended complaint in accordance with the views expressed in this opinion and setting a time within which so to do, and granting to the defendants sufficient time thereafter within which to answer or otherwise plead.