22585

Judith A. HELM, Appellant v. Mark Douglas HELM, Respondent.

(345 S. E. (2d) 720)

Supreme Court

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*Charles S. Bernstein,* of *Bernstein & Manos,* Charleston, *for respondent.*

Heard March 25, 1986.

Decided June 30, 1986.

CHANDLER, Justice:

In this divorce action, Judith A. Helm (Wife) contends the Family Court committed several errors of procedural and substantive law. We affirm in part, reverse in part and remand.

## FACTS

Wife and Mark Douglas Helm (Husband) separated on July 23, 1982. On September 20, 1982, Wife petitioned for separate support and maintenance, attorney's fees and property division. Her petition included an allegation that Husband's medical degree should be considered marital property subject to equitable distribution.

On October 13, 1982, Husband filed an answer; on July 29, 1983, he filed a pleading labeled "Amended Answer," in which he counterclaimed for divorce on the ground of one year's separation.

On September 20, 1983, Wife filed a "Supplemental Petition." This petition contained the same allegations of her

original petition of September 20, 1982, with two exceptions: (1) it prayed for divorce on the ground of one year's desertion; and (2) it prayed for alimony rather than separate support and maintenance.

Both Husband's "Amended Answer" and Wife's "Supplemental Petition" were filed without leave of court.

At trial, the Family Court granted Husband's motion to strike the "Supplemental Petition," but denied Wife's motion to strike the "Amended Answer."

After a full hearing, the Family Court: (1) granted Husband a divorce upon the ground of one year's separation; (2) granted Wife exclusive title to the marital residence and an automobile; (3) granted Wife certain household furnishings and a joint bank account; (4) denied Wife alimony on the ground it was not sought in her original petition; (5) denied Wife's request concerning Husband's medical degree; and (6) ordered the parties to pay their own attorney's fees.

## ISSUES

1. Did the Court err in failing to award Wife an equitable interest in Husband's medical degree?

2. Did the Court err in granting Husband's motion to strike Wife's "Supplemental Petition," and in denying Wife's motion to strike Husband's "Amended Answer"?

## I. EQUITABLE DISTRIBUTION OF MEDICAL DEGREE

Wife's petition requested equitable distribution of the "fruits" of Husband's medical degree. The Family Court ruled: "The admissable [sic] evidence does not support a finding that [Wife] is entitled to an equitable distribution of [Husband's] medical degree."

The majority of states considering the question have held a professional degree to be a personal intellectual attainment, not marital property subject to equitable distribution. *See* Annot., 4 A. L. R. 4th 1294. We agree and hold a professional or other degree or license is not to be classified as marital property under S. C. Code Ann. § 20-7-420(2) (1976).

Although not pled in her petition, Wife, in her brief and in oral argument, requests this Court, alternatively, to recognize:

(1) The right of one to seek reimbursement for financial contributions made in assisting a spouse to obtain a degree. *See, e.g., Inman v. Inman,* 648 S. W. (2d) 847 (Ky. 1983); *Hubbard v. Hubbard,* 603 P. (2d) 747 (Okla. 1979).

(2) The obligation of one receiving contributions from a spouse in obtaining a degree to pay a percentage of future increases in income as additional alimony or child support. *See* Annot., 75 A. L. R. (3d) 493.

We decline to consider these issues here, as they are not properly before us.

## II. MOTIONS TO STRIKE

As noted above, Wife's original petition for separate support and maintenance made no request for divorce or for alimony. The "Supplemental Petition" prayed for divorce upon the ground of desertion and for alimony. Her cause of action for divorce, having not accrued at the time her original petition was filed, constituted new matter. Where new matter is alleged, a supplemental pleading, rather than an amendment, is required. *See Francis Marion Hotel v. Chicco,* 131 S. C. 344, 127 S. E. 436 (1924). As Wife had not moved to supplement pursuant to S. C. Code Ann. § 15-13-100 (1976),* the Court granted Husband's motion to strike her "Supplemental Petition."

The Court based its refusal to strike Husband's "Amended Answer" upon S. C. Code Ann. § 15-13-910 (1976),* which permits one amendment of a pleading "at any time before the time for answering it expires." The Court held that, inasmuch as his answer required no responsive pleading, Husband was entitled, as of right, to amend his answer without leave of court.

While we agree the Court properly struck Wife's "Supplemental Petition," we hold its refusal to strike Husband's "Amended Answer" was error.

Section 15-13-910 is inapplicable to Husband's "Amended Answer," which includes a prayer for divorce upon the

---

* While in effect at all relevant times in this litigation, these two statutes were repealed in July, 1985. Sections 15-13-100 and 15-13-910 have been replaced with Rule 15, S.C.R.Civ.P.

ground of one year's separation. This relief was not available to Husband when his original answer was filed because the parties had been separated less than a year at that time.

Our courts are not bound by the labels parties attach to their pleadings. *See Fogel v. McDonald,* 159 S. C. 506, 157 S. E. 830 (1931). Because his "Amended Answer" alleged new matter, Husband, as well as Wife, was required to obtain leave of court to file a supplemental pleading in accordance with § 15-13-100.

## III. REMAINING ISSUES

Wife also raises issues of alimony, attorney's fees and equitable distribution. Our disposition of the above issues makes it unnecessary to reach these questions since, on remand, a *de novo* hearing on the merits will be required.

## IV. CONCLUSION

We affirm the trial judge's refusal to equitably divide Husband's professional degree.

Based upon our foregoing holdings the Family Court did not have before it a pleading upon which a divorce could be granted. Accordingly, the decree of divorce is reversed.

All issues remanded for a *de novo* hearing. The parties may move before the Family Court for leave to file supplemental pleadings.

Affirmed in part, reversed in part and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.