1146

Jane Windham HEATH, Respondent-Appellant v. Charles T. HEATH, Appellant-Respondent.

(368 S. E. (2d) 222)

Court of Appeals

*Timothy G. Quinn* of *Ellison, Quinn & Isaacs*, Columbia, *for appellant-respondent.*

*Kermit S. King*, Columbia, *for respondent-appellant.*

Heard Jan. 27, 1988.

Decided April 25, 1988.

SHAW, Judge:

Respondent-Appellant, Jane Windham Heath, commenced this action against her husband, Appellant-Respondent Charles T. Heath, seeking a legal separation, support, equitable division of marital property, fees and costs. Husband counterclaimed seeking a divorce on the ground of one year continuous separation. From an order granting the wife $20,000 plus attorney's and expert's fees, both parties appeal. We reverse and remand.

The parties were married on March 12, 1983 during the husband's fourth semester in medical school. The wife had entered the job market at this time having attained a Master's degree in 1982. During the marriage, the wife worked at the University of South Carolina as a research analyst and subsequently for the Mental Health Association as a field services director. The husband's main sources of income during this time were scholarships, student loans and gifts from family members. In January of 1985, during the husband's last semester in medical school, the parties separated.

Both the husband and the wife appeal the portion of the order directing the husband to pay to the wife the sum of $20,000.

The trial judge first noted the principal issue was whether the wife should receive an award by way of alimony or equitable distribution where the principal asset available for division was a medical degree. Throughout the lengthy order, the trial judge discussed different approaches used in such a situation. He concluded South Carolina Supreme Court decisions indicated the definition of property was broad enough to include a medical degree and ordered the husband to pay to the wife "by way of equitable division or distribution of the asset of medical education *or* license *or* enhanced future earnings" the sum of $20,000. Further on in

the order, upon dismissing the possibility of an award of lump sum alimony, he again stated the husband was to pay the wife "$20,000 as equitable distribution." Later on in the order, the trial judge discussed the approach of reimbursement alimony. At this point, he announced his selection of reimbursement alimony as the appropriate approach and valued the wife's contributions at $20,000. Finally, he ordered

> that Respondent be, and hereby is, required to pay to Petitioner, by way of equitable distribution or division, the sum of $20,000 ...

The husband attacks the $20,000 award arguing, first, the trial judge erred in concluding the wife was entitled to alimony and an award of reimbursement alimony was improper. The wife contends the trial judge did not award her alimony of any kind, be it periodic, reimbursement or lump sum. She contends the operative language of the order denotes the award to be by way of equitable distribution and the "reimbursement alimony" statement was used as a guide by the trial judge in determining the amount of the award. Because of the wife's contentions, we decline to consider the propriety of reimbursement alimony in South Carolina. Instead, we treat the award as an equitable division since that is the recurring language used by the trial judge. Thus, the question arises whether the award was proper as an equitable division of the husband's medical degree. The husband contends equitable distribution of a professional degree or license is improper under the South Carolina Supreme Court case of *Helm v. Helm*, 289 S. C. 169, 345 S. E. (2d) 720 (1986). We agree. In *Helm* the court stated

> The majority of states considering the question have held a professional degree to be a personal intellectual attainment, not marital property subject to equitable distribution. *See* Annot., 4 A. L. R. 4th 1294. We agree and hold a professional or other degree or license is not to be classified as marital property under S. C. Code Ann. § 20-7-420(2) (1976).

The court in *Helm* was also faced with the issues of (1)

reimbursement for financial contributions made in assisting a spouse to obtain a degree and (2) the obligation of one receiving contributions from a spouse in obtaining a degree to pay a percentage of future increases in income as additional alimony or child support. However, the court declined to consider these issues as the spouse failed to plead them. The wife contends the issues in this case are those specifically left open by *Helm* and were properly pled in her petition.

No where in her petition does the wife seek reimbursement or *additional* alimony. She prayed for an equitable distribution of marital assets, including the husband's potential to earn money, and lump sum alimony. The trial judge denied the wife lump sum alimony and granted an equitable division of the medical degree. The trial judge stated he felt the case called for "division of an intangible asset rather than an award of alimony" and it was not necessary "to resort to the device of lump sum alimony." Because he equitably divided the "intangible asset," the trial judge did not even consider an award of lump sum alimony as prayed for by the wife. In view of the fact the trial judge did not properly consider this issue, we find the case should be remanded to permit the trial court to reevaluate the propriety of lump sum alimony. The court shall consider the issue of what lump sum alimony, if any, the wife is entitled to. *Bigham v. Bigham*, 264 S. C. 101, 212 S. E. (2d) 594 (1975).

The husband also appeals the admission of expert testimony regarding his enhanced earning potential.

He contends the testimony of Dr. Oliver Wood projecting the husband's future earnings was inherently speculative and irrelevant. We agree. However, the speculation here was created by the husband when he denied having made a career decision and failed to provide any pertinent information as to the financial implications of the various alternatives available to him. For this reason, we remand the case for a de novo hearing. The trial judge shall consider evidence of the parties' current financial situations. Since the husband should have made a career decision by now, the extreme speculation should be removed.

Finally, the husband contests the award of attorney's fees

and costs and expert fees to the wife. In light of the fact so much of the case has been reversed and remanded, further findings shall be made by the family court as to the propriety of the fees and costs based on the de novo hearing decision.

Reversed and remanded.

CURETON, J., concurs.

GOOLSBY, J., concurs and dissents in separate opinion.

GOOLSBY, Judge (concurring and dissenting):

I concur in the reversal of the equitable division award to the wife of $20,000 because the trial judge improperly regarded the husband's medical degree as a marital asset subject to division. *Helm v. Helm*, 289 S. C. 169, 345 S. E. (2d) 720 (1986).

I also concur in the reversal, but not the remand, of the award of attorney fees and costs, considering the beneficial results obtained by the wife and the beneficial results obtained by the husband. It was a wash.

Because the record does not show the existence of special circumstances warranting a lump sum award of alimony but does show the marriage was of a short duration and the wife made no significant contribution to the husband's pursuit of a medical education, I would affirm the denial of lump sum alimony to the wife and would not remand the issue. To this extent, then, I dissent.

I would also affirm the denial of the wife's request for an additional equitable division award. The marriage produced no appreciable amount of marital property and the trial judge equitably divided what they did acquire. Their direct contributions to the acquisition of marital property were approximately equal, with the husband contributing slightly more.

I do not think it necessary to consider the question raised by the husband concerning the testimony of the wife's expert witness.