T. C. POTTS, ADMINISTRATOR OF JOSEPH W. ABEL, v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 21 March, 1934.)

1. **Insurance I b—Policy issued without medical examination may be attacked for fraudulent misrepresentations by insured as to health.**

   N. C. Code, 6460, expressly provides that policies issued without a medical examination may not be declared forfeited by insurer for misrepresentations by insured as to health except in cases of fraud, and where fraud in the procurement of the policy is alleged and proved the beneficiary named in the policy may not recover, and a representation by insured that he had never consulted a physician or been in a hospital is material, C. S., 6289, and testimony of physicians that insured was not in sound health at the date of the delivery of the policy is competent on the issue of fraud.

2. **Same: Insurance P d—Where insurer does not tender issue of fraud, unsound health of insured will not preclude recovery on policy.**

   Where insurer does not tender an issue of fraud in the procurement of a policy issued without medical examination, but tries its case solely on the theory that insured was not in sound health at the date the policy was issued, and does not except to the issue submitted by the court based on this theory, testimony of physicians that insured was not in sound health at the date of the delivery of the policy is incompetent as being testimony of the very question to be decided by the jury, and the exclusion from the evidence of insured's application containing the alleged

9—206

misrepresentations will not be held for error, since, upon the theory of trial, insured's unsound health at the date the policy was issued would not preclude recovery, N. C. Code, 6460.

**3. Appeal and Error B b—**

> Appellant's exceptions and assignments of error will be considered upon appeal in the light of the theory upon which the case was tried in the lower court.

CIVIL ACTION, before *Sink, J.,* at August Term, 1933, of GUILFORD.

This action was instituted and tried in the municipal court of the city of High Point. It was alleged that on 20 July, 1931, the defendant executed and delivered a certain policy of life insurance upon the life of Joseph W. Abel in the sum of $500.00, said policy being No. 5942823. The insured died on 8 January, 1932. The defendant admitted the execution and delivery of the policy, but alleged that it was provided therein that "this policy shall be void if upon its date and delivery the insured be not alive and in sound health," etc., and that the insured was not in sound health on the date of delivery.

The defendant also alleged by way of cross action that the insured signed a written application for said insurance, and that in response to certain questions propounded in said application, gave false answers and made false representations therein, and that said representations were known by the insured at the time to be false and were made with knowledge of falsity, with intent to deceive. Question 13 in said application is as follows: "(a) What is present condition of health?" "(b) When last sick?" The insured answered the first question "Good," and the second question "Never." Question 15 was: "Has said life ever been under treatment in any dispensary, hospital or asylum," etc.? The insured answered "No." Question 16 related to certain diseases including disease of the heart, disease of kidneys, disease of lungs, disease of liver, etc. The insured answered "No." Question 17 was: "Has life proposed been attended by a physician during the past twelve months? If so, for what diseases? When? Names of physicians? Residence?" The insured answered "No." The application signed by the insured also contained the following: "And I declare that the answers to the above questions and those made or to be made to the medical examiner on the back hereof are complete, strictly correct and true; that the several questions were duly asked, and that the answers given by me are truly recorded hereon," etc.

The policy was issued without medical examination except such as was made by an agent of the defendant, who was not a physician. The judge of the municipal court excluded the application as evidence and the defendant excepted.

Dr. McCain testified that he treated the insured in February or March, 1931, preceding the application for insurance, and that he came to his office every two weeks "from February until June or July, 1931." Dr. Flagge testified that he treated the insured from 9 June until the time of his death, approximately each week, and that the insured was suffering with a stone "in the kidney." This physician stated that he had an opinion as to whether the insured was in sound health on 9 June, 1931, preceding the application for insurance, and on 20 July, 1931, when the policy was delivered, but the court would not permit witness to state that in his opinion the insured was not in sound health on the date of the delivery of the policy, and the defendant excepted. The trial judge declined to permit the defendant to offer the testimony of the superintendent of the policy department of defendant to the effect that the application signed by the insured influenced him in acting favorably and in delivering the policy.

Without objection the following issues were submitted to the jury:

1. "Was the deceased, Joseph W. Abel, in sound health on 20 July, 1931?"

2. "What amount, if any, is plaintiff entitled to recover of the defendant?"

The jury answered the first issue "Yes," and the second issue "$500.00."

From judgment upon the verdict exceptions were filed and heard by the judge of the Superior Court, who overruled the exceptions and affirmed the judgment of the municipal court. From such judgment the defendant appealed.

*T. W. Albertson and David H. Parsons for plaintiff.*
*W. Ney Evans for defendant.*

BROGDEN, J. Does N. C. Code, 6460, apply to the policy issued to the plaintiff?

It must be noted that this case does not involve a limitation of the coverage clause of the policy as in *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566; *Reinhardt v. Ins. Co.,* 201 N. C., 785.

The policy was issued without medical examination by a physician, and N. C. Code, 6460, provides "that where there has been no medical examination the policy shall not be rendered void nor shall payment be resisted on account of any misrepresentation as to the physical condition of applicant except in cases of fraud." It was held in *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609, that if an insurance company issued a policy to a person it knew to be physically unsound or took a chance upon physical unsoundness without medical examination that such company could not resist payment except in cases of fraud.

Manifestly it was not the purpose of N. C. Code, 6460, to permit a recovery on an insurance policy issued without medical examination irrespective of the facts surrounding the transaction; otherwise the expression "except in cases of fraud" would have neither meaning nor significance. It is apprehended that if fraud in the procurement of a policy is alleged, an issue tendered or submitted together with competent evidence, and a jury shall find the existence of fraud in such procurement, then and in such event no recovery can be had. That is to say, "in cases of fraud" a policy issued without medical examination stands upon the same footing as policies issued upon such examination.

The defendant pleaded fraud and offered the application in evidence, and also offered the testimony of physicians tending to show that the representations made by the insured in the application were false. Obviously the statements made by the insured to the effect that he had never consulted a physician or been in a hospital were material. C. S., 6289. This evidence was competent upon an issue of fraud, but no such issue was tendered. Moreover, the issue submitted by the trial court was not objected to. Hence the parties chose "sound health on 20 July, 1930" as the battleground, and the theory upon which to determine the merits of the controversy. "If the defendant did not consider the issues submitted by the court proper or relevant, it was his duty to tender other issues, and having failed to do so, he cannot now complain." *Greene v. Bechtel,* 193 N. C., 94, 136 S. E., 294. McIntosh, North Carolina Practice & Procedure, p. 545. McIntosh states the proposition of law as follows: "If the parties consent to the issue submitted, or do not object at the time or ask for different or additional issues, the objection cannot be made later."

Consequently, the opinion of the physician, who was not qualified as an expert, that the insured was not in sound health on the date of the delivery of the policy was incompetent for the reason that "sound health" was the very question to be determined not by the witness, but by the jury. *Marshall v. Tel. Co.,* 181 N. C., 292, 106 S. E., 818; *Trust Co. v. Store Co.,* 193 N. C., 122, 136 S. E., 289; *Denton v. Milling Co.,* 205 N. C., 77. The theory upon which a cause is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions. *Walker v. Burt,* 182 N. C., 325, 109 S. E., 43; *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339; *Holland v. Dulin, ante,* 211.

Affirmed.