MRS. ESSIE ECKARD, WIDOW AND ADMINISTRATRIX OF LAWRENCE E. ECKARD, DECEASED, v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 20 May, 1936.)

1. Insurance E b—

Statutory provisions in force at the time of the issuance of a policy of insurance become a part thereof as though expressly incorporated therein, and the statutory provisions will prevail over conflicting provisions of the policy.

2. Insurance I b—

By force of C. S., 6460, a policy of life insurance issued without a medical examination may not be avoided for misrepresentations by insured in his application for the policy unless such misrepresentations were fraudulently made.

3. Same—Policy issued without medical examination may not be avoided for ill health of insured in absence of procurement of policy by fraud.

Where the jury finds from the evidence that insured in a policy of life insurance issued without medical examination under C. S., 6460, was suffering with certain diseases stipulated in the policy as grounds for avoidance, but that insured did not procure the policy by false and fraudulent statements, insurer may not avoid liability under the policy, the provisions of the policy in conflict with the statute being unavailing to insurer.

APPEAL by plaintiff from *Pless, J.,* at November Term, 1935, of CATAWBA. Error and remanded.

This is an action to recover on a policy of life insurance.

On 28 August, 1933, the defendant issued a policy of insurance on the life of Lawrence E. Eckard, a citizen of this State, residing in Catawba County. The policy was issued in this State. The amount of the insurance as stated in the policy is $624.00. The insured died on 7 February, 1934. At the date of his death the policy was in full force and effect, according to its terms. The premium on the policy was pay-

able weekly. The total amount paid as premiums on the policy was $15.60. The plaintiff, who is the widow and administratrix of Lawrence E. Eckard, is the beneficiary named in the policy.

The policy was issued on the application of the insured, which is in writing and is dated 3 August, 1933. In response to questions contained in the application, the insured stated that he had never had any disease of the heart or kidneys; that he had never been under treatment in any clinic, dispensary, hospital, or asylum; that at the date of the application he was in sound health, and had no physical or mental defects or any infirmity of any kind; that he had no disease of the eyes or impairment of sight; and that he had not been under the care of any physician within three years prior to the date of the application. The insured further stated in his application that the statements therein were made by him to induce the defendant to issue the policy applied for, and that in consideration of the issuance of the policy he agreed, on behalf of himself and of any other person who might have a claim under the policy or an interest therein, that the statements contained in the application were true, and that any misrepresentation should render the policy void, and that the policy should not be binding on the defendant unless at its date the insured was alive and in sound health.

The policy was issued by the defendant without a previous medical examination of the insured. It contains the following provisions:

"If (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured has been rejected for insurance by this or by any other company, order or association, or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint or, before said date, has had any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the 'Space for Endorsements' on page 4 in a waiver signed by the secretary; or if (3) any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date hereof, unless the number of such policy has been endorsed by the company in the 'Space for Endorsements' on page 4 hereof (it being expressly agreed that the Company shall not, in the absence of such endorsement, be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver of such last mentioned condition), then in any such case, the Company may declare this policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in case of fraud, in which case all premiums will be forfeited to the Company."

The issues arising on the pleadings and submitted to the jury were answered as follows:

"1. Was the insured, Lawrence E. Eckard, in sound health on 28 August, 1933, the date of the policy sued on in this action? Answer: 'No.'

"2. Had the insured, Lawrence E. Eckard, within two years before the said 28 August, 1933, been treated by a physician for a serious disease or complaint? Answer: 'No.'

"3. Had the insured, Lawrence E. Eckard, before the said 28 August, 1933, had any disease of the heart or kidneys? Answer: 'Yes.'

"4. Had the insured, Lawrence E. Eckard, before the said 28 August, 1933, had nephritis, a disease of the kidneys? Answer: 'Yes.'

"5. Had the insured, Lawrence E. Eckard, before the said 28 August, 1933, had arterio sclerosis, or hardening of the arteries? Answer: 'Yes.'

"6. Did the insured, Lawrence E. Eckard, procure the policy upon his life, sued on in this action, by false and fraudulent statements, as alleged in the answer? Answer: 'No.' "

On the verdict returned by the jury, the plaintiff tendered a judgment that plaintiff recover of the defendant the sum of $624.00, with interest from 7 February, 1934, and the costs of the action, and excepted to the refusal of the court to sign the judgment tendered by her.

From judgment that plaintiff recover of the defendant the sum of $15.60, with interest and costs, the plaintiff appealed to the Supreme Court, assigning as error the refusal of the court to sign the judgment tendered by the plaintiff, and the signing of the judgment appearing in the record.

*Theodore F. Cummings and R. H. Shuford for plaintiff.*
*P. W. Garland and W. C. Feimster for defendant.*

CONNOR, J. The policy of life insurance sued on in this action was issued by the defendant, a life insurance company doing business in this State, without a previous medical examination of the insured. The issuance of the policy was authorized by C. S., 6460, as amended prior to its issuance. See N. C. Code of 1935, sec. 6460. *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609. The statute was in force at the date of the issuance of the policy, and is therefore a part of the policy as much so as if its provisions were expressly incorporated in the policy. The rights and liabilities of the parties to this action are determined by the provisions of the policy (*Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566), provided such provisions are not in conflict with the provisions of the statute (*Headen v. Ins. Co.,* 206 N. C., 270, 172 S. E., 349).

In that case, the statute and not the policy controls.   In *Headen v. Ins. Co., supra,* it is said by *Stacy, C. J.:*

"The provisions of this statute being in force at the time of the execution of the policy, entered into and became a part of the convention of the parties as much so as if they had been expressly incorporated in its terms.   *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14; *Trust Co. v. Hudson,* 200 N. C., 688, 158 S. E., 244; *House v. Parker,* 181 N. C., 40, 106 S. E., 136; *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 567. Therefore, the defendant may not now declare the policy in suit void, pursuant to the stipulation of the contract, as this is in direct conflict with the statute."

The statute which was in force at the date of the issuance of the policy in the instant case is as follows:

"Sec. 6460.   Medical Examination Required.   No life insurance company organized under the laws of or doing business in this State shall enter into any contract of insurance in any twelve months period in an amount in excess of five thousand dollars ($5,000.00) upon any one life within this State without having previously made or caused to be made a prescribed medical examination of the insured by a registered medical practitioner; and provided further, that where there has been no medical examination, the policy shall not be rendered void nor shall payment be resisted on account of any misrepresentation as to the physical condition of the applicant, except in cases of fraud; and provided further, that this section shall not apply to contracts of insurance issued under the group plan."

Where a policy of life insurance has been issued in this State, without a previous medical examination of the insured, as authorized by the statute, by reason of its provisions, representations made by the insured in his application for the policy, although false in fact, do not invalidate the policy or affect the liability of the company under the policy, where such representations were not made fraudulently.

The provisions in the policy of insurance sued on in this action are in conflict with the provisions of the statute and are not available to the defendant as a defense to plaintiff's recovery in this action of the amount of the policy.   See *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123.

There was error in the refusal of the judge to sign the judgment tendered by the plaintiff at the trial of this action.

The action is remanded to the Superior Court of Catawba County that judgment may there be signed in accordance with this opinion.

Error and remanded.