FLORA E. PUGH v. THE PRUDENTIAL INSURANCE COMPANY.

(Filed 3 November, 1937.)

**Insurance § 31a—Where application denominates answers declarations in lieu of medical examination, such answers come within purview of C. S., 6460.**

In the application for the policy in suit, which was issued without a medical examination, insured answered a number of questions under the heading "Declarations in Lieu of Medical Examination," including questions as to whether applicant had been attended by a physician during the prior three years and as to time lost from work through illness during that period. Insurer contended that the answers to these two questions constituted material misrepresentations which did not relate to the physical condition of applicant, and that therefore insurer was entitled to avoid the policy without showing fraud. *Held:* The answers to the questions were denominated by insurer declarations made in lieu of medical examination, and therefore come within the purview of C. S., 6460, and under the provisions of the statute insurer is not entitled to cancellation of the policy in the absence of fraud.

APPEAL by defendant from *Alley, J.,* at February Special Term, 1937, of RANDOLPH.

Civil action to recover on a policy of life insurance.

On 19 November, 1934, the defendant issued a $1,000 policy of insurance on the life of Mattie Marguerite York, payable to plaintiff as beneficiary. The policy was issued and delivered without medical examination of the insured under authority of ·C. S., 6460. The insured died 28 January, 1935, and it is admitted that all premiums were duly paid thereon.

In the written application a large number of questions were answered by the insured under the heading: "Declarations in Lieu of Medical Examination."

Defendant alleges that many of these answers were "misrepresentations as to the physical condition of the applicant," fraudulently made, which render the policy void; and further, that at least two of them—first, as to whether she had been "attended by a physician in the past three years," and second, as to the amount of time she had "lost from work through illness during the last three years"—were material to the risk, did not relate to her physical condition, were false, and therefore vitiate the policy.

The jury found that the defendant had not been induced to issue and deliver the policy "by reason of any false and fraudulent misrepresentation."

From judgment on the verdict defendant appeals, assigning errors.

*J. V. Wilson and Moser & Miller for plaintiff, appellee.*
*J. A. Spence for defendant, appellant.*

STACY, C. J.  It is freely conceded by the defendant that as the policy in suit does not exceed $5,000 and was issued without medical examination of the insured, it can take no advantage of "any misrepresentation as to the physical condition of the applicant," in the absence of fraud.  C. S., 6460; *Eckard v. Ins. Co.,* 210 N. C., 130, 185 S. E., 671; *Headen v. Ins. Co.,* 206 N. C., 270, 173 S. E., 349; *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123; *Holbrook v. Ins. Co.,* 196 N. C., 333, 145 S. E., 609.

The position of the defendant is that the policy is void because of representations, falsely made, which do not relate to the physical condition of the applicant, but which were material to the risk, to wit, the one pertaining to the attendance of a physician, and the other to the amount of time lost from work through illness during the last three years.  *Inman v. Woodmen of the World,* 211 N. C., 179, 189 S. E., 496; *Potts v. Ins. Co., supra.*  Compare *Anthony v. Protective Union,* 206 N. C., 7, 173 S. E., 6.

Without making definite ruling as to whether the representations in question relate directly or indirectly to the physical condition of the applicant, we think it proper to hold that as they were "declarations in lieu of medical examination," made at the instance of the defendant, they should be regarded as coming within the purview of C. S., 6460.

In this view of the case it follows that the verdict and judgment should be upheld, which will accordingly be done.

No error.