EVELYN M. HOWELL v. THE TRAVELERS INDEMNITY COMPANY.

(Filed 25 February, 1953.)

**1. Insurance § 13a—**

The statutory provisions governing a policy of insurance control, and insurer may not escape liability by omitting from the policy a statutory provision favorable to insured, but if the limits of coverage are consistent with the statute, insurer may not be held liable beyond the coverage specified in the policy.

**2. Same: Statutes § 5a—**

Where a statute prescribes in plain terms the coverage of policies of insurance issued thereunder, additional coverage beyond such specifications may not be implied. *Expressum facit cessare tacitum.*

**3. Insurance § 43b—**

An owner's liability policy covering insured's liability arising out of the ownership, use or operation of a particularly described vehicle is in conformity with G.S. 20-227 (2), and therefore the policy cannot be held to cover insured's liability arising out of the operation by him of a vehicle other than that described in the policy. Whether liability could be invoked under the provisions of G.S. 20-227 (4) (b) is not presented or decided.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Burgwyn, Special Judge,* at May Term, 1952, of GASTON.

Civil action in which injured third person, whose claim against insured for negligent injury has been reduced to judgment in prior action, sues insurance company upon an owner's motor vehicle liability policy issued under the Motor Vehicle Safety and Financial Responsibility Act. Chapter 1006 of 1947 Session Laws and Amendatory Acts, as codified in Article 9 of Chapter 20 of the 1951 Cumulative Supplement to the General Statutes.

For ease of narration, Evelyn M. Howell is called the plaintiff, Fred Albert Lipscomb is designated as Lipscomb, and the Travelers Indemnity Company is referred to as the defendant.

The matters necessary to an understanding of the legal question arising on the appeal are stated in the numbered paragraphs set forth below.

2. The defendant thereupon issued to Lipscomb an owner's motor vehicle liability policy, which insured Lipscomb against loss within specified limits from any liability imposed by law for damages because of bodily injury to any person, and damage to property caused by accident and arising out of the ownership, use or operation of an explicitly described motor vehicle, to wit, a 1933 Ford belonging to Lipscomb. The specified limits of liability were consistent with those prescribed by the Motor Vehicle Safety and Financial Responsibility Act. The written certificate of the defendant certifying to the issuance of the liability policy was forthwith filed with the Commissioner of Motor Vehicles. Lipscomb did not procure automobile license number plates legalizing the use of his 1933 Ford on the public highways.

3. While the liability policy was in force, Lipscomb undertook to drive another motor vehicle, to wit, a 1937 Ford car, along a public highway in Gaston County. In so doing, he negligently struck an automobile owned and operated by the plaintiff, thereby inflicting upon the plaintiff bodily injury and property damage. The transcript of the record does not disclose who owned the 1937 Ford, or for what reason it was being operated by Lipscomb.

4. Subsequent to the collision, the plaintiff recovered judgment against Lipscomb in an action in the Superior Court of Gaston County for $2,292.63 as damages for her bodily injury and property damage. Execution was issued on the judgment, and returned *nulla bona.*

5. The defendant refused to defend the plaintiff's suit against Lipscomb or to pay the judgment rendered in it on the ground that the liability policy did not cover the 1937 Ford, and in consequence did not obligate it to pay for injuries caused by the operation of that vehicle by Lipscomb.

6. Subsequent to these events, the plaintiff brought this action against the defendant under provisions of the liability policy and the Motor Vehicle Safety and Financial Responsibility Act specifying in substance

that any injured person who has secured a final judgment determining the amount of the insured's obligation to pay him for bodily injury or property damage "shall thereafter be entitled" to subject the insurance afforded by the policy to the satisfaction of the judgment.

7. This action came on to be heard before Judge Burgwyn and a jury at the May Term, 1952, of the Superior Court of Gaston County. The plaintiff produced evidence sufficient to establish the matters stated in the preceding paragraphs, and rested her case. The defendant thereupon moved for a compulsory nonsuit on the ground specified in paragraph 5. Judge Burgwyn allowed the motion and entered judgment accordingly. The plaintiff excepted and appealed, assigning the entry of the involuntary nonsuit as error.

*Basil L. Whitener and Ernest R. Warren for plaintiff, appellant.*
*L. B. Hollowell for defendant, appellee.*

ERVIN, J. The appeal presents for decision the solitary question whether the plaintiff's evidence suffices to show that her loss is covered by the policy in suit.

Where a statute is applicable to a policy of insurance, the provisions of the statute enter into and form a part of the policy to the same extent as if they were actually written in it. In case a provision of the policy conflicts with a provision of the statute favorable to the insured, the provision of the statute controls. As a consequence, an insurance company cannot avoid liability on a policy of insurance issued pursuant to a statute by omitting from the policy provisions favorable to the insured, which are required by the statute. *Eckard v. Insurance Co.*, 210 N.C. 130, 185 S.E. 671; *Fuller v. Lockhart*, 209 N.C. 61, 182 S.E. 733; *Hood, Comr. of Banks, v. Simpson*, 206 N.C. 748, 175 S.E. 193; *Headen v. Insurance Co.*, 206 N.C. 270, 173 S.E. 349.

The reverse of these propositions is equally true. An insurance company cannot be held liable upon a policy of insurance beyond the limits of coverage specified in it, if the limits of coverage are consistent with the statute under which the policy is issued. *Keystone Mut. Cas. Co. of Pittsburgh, Pa., v. Hinds*, 180 Md. 676, 26 A. 2d 761.

Motor vehicle insurance carriers issue two general types of motor vehicle liability policies. One is an owner's policy, which insures the holder against legal liability for injuries to others arising out of the ownership, use or operation of a motor vehicle owned by him; and the other is an operator's policy, which insures the holder against legal liability for injuries to others arising out of the use by him of a motor vehicle not owned by him.

The trial judge construed the policy in suit to be an owner's motor vehicle liability policy, insuring Lipscomb against legal liability for injuries to others arising out of the ownership, use or operation of a particular motor vehicle explicitly described in it, *i.e.,* Lipscomb's 1933 Ford. He adjudged the plaintiff's evidence insufficient to carry the case to the jury because it showed that the automobile involved in the accident resulting in the plaintiff's bodily injury and property damage was not the automobile described by the policy.

Counsel for the plaintiff insist, however, that the trial judge erred in nonsuiting the case even if he read aright the language of the policy in suit. They advance these arguments to sustain this position: That the policy in question was issued pursuant to the Motor Vehicle Safety and Financial Responsibility Act, which stipulates that its purpose is "to require financial responsibility of reckless, inefficient and irresponsible operators of motor vehicles involved in accidents" and that its provisions are to be liberally construed so as to effectuate this purpose "as far as legally and practically possible." G.S. 20-225. That the Motor Vehicle Safety and Financial Responsibility Act at least implies as something indispensable to the effectuation of its purpose "to require financial responsibility of reckless, inefficient and irresponsible operators of motor vehicles involved in accidents" the broad legal requirement that every policy subject to its provisions must insure the insured against legal liability for bodily injury or property damage to another arising out of the actual operation by the insured of any motor vehicle, no matter who may own the vehicle and no matter what reason may occasion its use by the insured. That the general rule of the law of insurance set out in the second paragraph of this opinion and the specific provision of subdivision (4) (a) of G.S. 20-227 incorporated this broad legal requirement in the policy which the defendant issued to Lipscomb. That as the consequence of these considerations, the plaintiff is entitled to subject the insurance afforded by the policy in question to the satisfaction of the damages caused by Lipscomb's negligent operation of the 1937 Ford car, regardless of who may have owned the car or what reason may have prompted its use by Lipscomb.

It thus appears that the decision in this case must turn on whether the Motor Vehicle Safety and Financial Responsibility Act requires an insurance policy subject to its provisions to afford the insured protection against legal liability for bodily injury or property damage to another arising out of the actual operation by the insured of any motor vehicle, irrespective of who owns it or what reason occasions its use by the insured.

The Motor Vehicle Safety and Financial Responsibility Act does not make this requirement in express terms. For this reason, recourse must be had to the pertinent provisions of the act to ascertain whether the

requirement can be properly read into it by implication. These provisions are stated in the next paragraph.

Any person required by the Motor Vehicle Safety and Financial Responsibility Act to furnish proof of financial responsibility may do so by filing with the Commissioner of Motor Vehicles the written certificate of any insurance carrier, authorized to do business in this State, certifying that there is in effect a motor vehicle liability policy for his benefit. G.S. 20-252. The motor vehicle liability policy may be either an owner's policy of liability insurance conforming to subdivision (2) of G.S. 20-227, or an operator's policy of liability insurance satisfying subdivision (3) of G.S. 20-227. The policy "must designate by explicit description or by appropriate reference all motor vehicles covered," unless it "is issued to a person who is not the owner of a motor vehicle." G.S. 20-252. To conform to subdivision (2) of G.S. 20-227, an owner's policy must "designate by explicit description, or by appropriate reference, all motor vehicles with respect to which coverage is intended to be granted; insure as insured the person named, and any other person using or responsible for the use of the motor vehicle with the permission, expressed or implied, of the named insured, or any other person in lawful possession; and insure the insured or other person against loss from any liability imposed by law for damages, including damages for care and loss of services because of bodily injury to or death of any person, and injury to or destruction of property caused by accident and arising out of the ownership, use or operation of such motor vehicle or motor vehicles within this State, any other State of the United States, any territory, district or possession of the United States and under its exclusive control, the District of Columbia, the Dominion of Canada, Newfoundland, or any province or territorial subdivision of either subject to a limit exclusive of interest and costs, with respect to each motor vehicle, of five thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to the limit for one person, to the limit of ten thousand dollars because of bodily injury to or death of two or more persons in any one accident, and a limit of one thousand dollars because of injury to or destruction of property of others in any one accident." To satisfy subdivision (3) of G.S. 20-227, an operator's policy must "insure the person named therein as insured against loss from liability imposed upon him by law for damages, including damages for care and loss of services because of bodily injury to or death of any person, and injury to or destruction of property, arising out of the use by him of any motor vehicle not owned by him, within the territorial limits and subject to the limits of liability set forth with respect to an owner's policy."

These provisions call into play the rule of statutory construction embodied in the maxim *expressum facit cessare tacitum,* meaning "that

which is expressed makes that which is implied to cease." They prescribe in plain language the exact coverage which must be afforded by a motor vehicle liability policy subject to the Motor Vehicle Safety and Financial Responsibility Act, and are inconsistent with any implication that such a policy must insure the insured against legal liability for bodily injury and property damage to another arising out of the actual operation by the insured of any motor vehicle, irrespective of who owns it or what reason occasions its use by the insured. 50 Am. Jur., Statutes, section 243.

What has been said makes it evident that the policy in suit meets the requirements of the Motor Vehicle Safety and Financial Responsibility Act for an owner's policy of liability insurance, and that the plaintiff's evidence does not suffice to show that her loss is covered by it. Blashfield's Cyclopedia of Automobile Law and Practice, sections 2961, 2962; *Sheeren v. Gulf Ins. Co. of Dallas, Tex.* (La. App.), 174 So. 380. It is observed, in passing, that the evidence would not suffice to make out a case for the plaintiff even if the policy in suit were an operator's policy because it fails to show that the 1937 Ford was not owned by Lipscomb.

These considerations render it manifest that the Motor Vehicle Safety and Financial Responsibility Act falls short of its avowed purpose "to require financial responsibility of reckless, inefficient and irresponsible operators of motor vehicles involved in accidents." Whether it ought to be brought more nearly into harmony with its declared object is a legislative and not a judicial matter.

G.S. 20-227 (4) (b) provides that any policy of insurance subject to the provisions of the Motor Vehicle Safety and Financial Responsibility Act may grant any lawful coverage in excess of or in addition to the coverage specified in the act, and that the excess or additional coverage shall not be subject to the provisions of the act, but shall be subject to other applicable laws of North Carolina. Pursuant to this statutory provision, Insuring Agreement IV of the policy in suit and an attached endorsement entitled "Use of Other Automobiles—Broad Form" extended the insurance afforded by the policy for bodily injury liability and for property damage liability to automobiles other than the 1933 Ford while such other automobiles were being operated by Lipscomb under the circumstances detailed in the insuring agreement and the endorsement. We have refrained from discussing these matters because the plaintiff has not attempted to bring her case by either allegation or proof within the additional coverage granted by the insuring agreement or the endorsement. Whether she can make out a case under the additional coverage is a matter for her counsel to ponder.

The involuntary judgment of nonsuit is
Affirmed.

PARKER, J., took no part in the consideration or decision of this case.