19083

Nellie Varner EDWARDS, Respondent, v. Ray L. EDWARDS, Appellant

(176 S. E. (2d) 123)

*Messrs. Frank Sawyer and James J. Raman,* of Spartanburg, *for Appellant,*

*James R. Turner, Esq.,* of Spartanburg, *for Respondent,*

*Messrs. Frank Sawyer and James J. Raman,* of Spartanburg, *for Appellant, in Reply,*

July 20, 1970.

LEWIS, Justice.

The respondent-wife was granted a divorce from her husband, the appellant, under a decree of The Juvenile and Domestic Relations Court of Spartanburg County (now designated The Family Court). Among other provisions, the decree required the appellant to convey to his wife a house and lot occupied by her and their minor children and one of two cemetery lots, the title to which was in his name. Appellant refused to convey the realty and he was ordered confined in the county jail for a period of six (6) months for his willful failure to comply with such provisions of the decree, but was given twenty-four (24) hours within which to purge himself of contempt by transferring the property as previously ordered. Appellant has prosecuted this appeal from the order adjudging him in contempt. Further proceedings in the lower court were stayed by the deposit with the clerk of court of instruments conveying the property to respondent, as permitted by Section 7-416 of the 1962 Code of Laws.

The questions to be decided concern (1) the sufficiency of the findings to support the order confining appellant to jail and (2) the jurisdiction of the court to order appellant to convey the real estate to his wife.

Appellant takes the position, first, that the order directing his confinement in jail was fatally defective because there was no finding of contempt. This contention is without merit.

It is elementary that before a sentence can be imposed for contempt there must be a finding that the person charged was guilty of conduct constituting a contempt, and the record must be clear and specific as to the acts or conduct upon which such finding is based.

The present order clearly set forth that the appellant was charged with contempt for a violation of the previous order of the court in that he failed to convey the realty as directed. His sole defense to the failure to transfer the property was that the court was without jurisdiction to order it. While the factual recitals in the order contained no specific statement that the appellant was found guilty of contempt, the ordering paragraph found him guilty of conduct constituting contempt when it directed his confinement in the county jail for a period of six (6) months "for his willful failure to comply with the order of the court" and was "given twenty-four (24) hours within which to purge himself of contempt by transferring ownership of the property as required by the decree."

The order specifically states that sentence was imposed for appellant's willful disobedence of the prior decree of the court. Such conduct constituted contempt. *Long v. McMillan,* 226 S. C. 598, 86 S. E. (2d) 477.

Since the order found appellant guilty of conduct constituting contempt, the failure to specifically so characterize it by name did not render the order defective. The description of the conduct of which appellant was found guilty is of controlling importance and not the name by which it was characterized.

Finally, appellant contends that the court was without jurisdiction to order him to convey the real estate to his wife. His position is that, while the Juvenile and Domestic Relations Court of Spartanburg had jurisdiction to grant divorces and alimony, it had no authority to order the transfer of his property to his wife as an incident to such jurisdiction. We do not reach the jurisdictional question raised and may assume the correctness of appellant's position. The order directing the transfer of the property was issued at the instance of appellant in return for other concessions in his favor and he will not be permitted, under such circumstances, to now deny its validity.

The order under appeal recites that the parties had been before the court on numerous occasions, with the respondent complaining of appellant's failure to comply with the orders of the court and appellant complaining that he was required to pay more than was reasonable. He was ordered on April 27, 1966 to pay respondent the sum of Seventy ($70.00) Dollars per week for family support, to make monthly payments on the mortgage indebtedness against the house occupied by respondent and the children, and to furnish respondent with an automobile comparable to the one taken from her at the time of the separation. Subsequently appellant petitioned the court for a reduction in the payments which he was required to make. A hearing was held on this petition on November 3, 1966, at which appellant proposed that he transfer title to the home to his wife and that future payments on the mortgage be made by her. Thereafter, an order was issued on November 9, 1966 requiring appellant to pay a fixed amount each month and respondent was required to make the payments on the house and her car. As a result of subsequent hearings, a final decree of divorce was entered on June 19, 1968, from which neither party appealed. The provisions requiring the appellant to convey the realty in question to his wife were contained in the final divorce decree.

The contempt order contains the recital, unchallenged, that appellant proposed the transfer of title to the realty to his wife and that she thereafter assume the mortgage payments; and that he has accepted the benefits from his proposal by receiving a reduction in the amount paid by him for support. Since he proposed the transfer of the property and has accepted the benefits accruing to him therefrom, he is now estopped to assert the invalidity of the judgment. 49 C. J. S. Judgments §§ 452 and 453; 46 Am. Jur. (2d), Judgments, Section 51.

We have recognized the foregoing principle in *Scheper v. Scheper,* 125 S. C. 89, 118 S. E. 178, where it was stated:

"While such a void judgment as a general rule neither binds nor bars any one, yet a party who procures such a

judgment to be entered in his favor may not in good conscience be heard to impeach it. * * * Even where one who did not procure it accepts the benefits of a void judgement, he is estopped to assert its invalidity."

Appellant contends, however, that the above principle does not apply where, as in this case, the question relates to jurisdiction of the *subject matter*. We think the rule applies whether the issue arises from want of jurisdiction over the person or over the subject matter. The question here is not one of whether the court acquired jurisdiction by estoppel, but rather one of estoppel to question jurisdiction because of the acceptance by appellant of the benefits accruing to him from the provisions of the judgment which he proposed. *Svatonsky v. Svatonsky,* 63 Wash. (2d) 902, 389 P. (2d) 663; In Re Reynolds' Will, N. D., 85 N. W. (2d) 553.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN. J., concur.