19759

Faye Fowler BIGHAM, Appellant, v. Russell Andrew BIGHAM, Respondent

(202 S. E. (2d) 177)

*Messrs. Culbertson* and *Whitesides,* of Laurens, *for Appellant,*

*Wyatt Saunders, Jr., Esq.,* of Laurens, *for Respondent,*

*Messrs. Culbertson & Whiteside,* of Laurens, *for Appellant, in Reply.*

January 16, 1974.

LEWIS, Justice:

Upon the petition of the appellant-wife that the respondent husband be held in contempt of court for his alleged wilful failure to make alimony payments as previously ordered, The Civil and Family Court of Laurens County, after an evidentiary hearing, entered an order (1) adjudging respondent in contempt of court with the requirement that he make the payments in arrears, or be placed in jail upon his failure to do so; and (2) relieving respondent of all obligation to make further alimony payments upon a finding that appellant had been guilty of adultery. This appeal involves only the latter part of the foregoing order, there being no appeal from the provisions adjudging the respondent in contempt of Court.

While there are other assignments of error, we need only consider appellant's exception which charges that the lower court erred in entering an order relieving respondent of the obligation to make further alimony payments because of appellant's alleged adulterous conduct. Appellant contends that the lower court was without authority to enter such order because she had no notice that questions concerning her conduct and right to future alimony were issues for determination in the contempt hearing, thereby depriving her of her right to prepare for trial.

This proceeding was begun in the lower court by the issuance of a Rule directed to respondent to show cause why he should not be adjudged in contempt of court for failure

to make alimony payments as previously directed by an order of the court dated February 8, 1973. The Rule was based upon the petition of appellant charging that respondent had failed for several weeks to make the required alimony payments. Respondent made no written return, but appeared at the hearing, with his counsel and witnesses, in response to the Rule.

While no written return is required in The Family Court (Rule 5, Rules of Practice and Procedure in The Family Court Vol. 15, p. 73, Cumulative Supplement to 1962 Code) the record fails to disclose that any oral return was made, other than an off-the-record conversation between counsel relative to the introduction of certain testimony, the nature of which was not disclosed for the record at that time. Therefore, the sole issue before the court was whether respondent was guilty of contempt.

During the trial in the lower court, the only defense asserted to the contempt charges was that respondent had refused to make the alimony payments because appellant had been, allegedly, guilty of adulterous conduct during the period in question. Testimony relating to the charge of misconduct was permitted over the strenuous objections of appellant. These objections were based upon the grounds that such testimony was irrelevant because (1) it constituted no defense to respondent's failure to make the alimony payments in question and (2) no prior notice had been given to appellant that her alleged misconduct was an issue in the cause.

At the conclusion of the hearing, the trial judge found that the charges of misconduct had been established. Such misconduct, however, was held to constitute no defense to the contempt charges, but formed the basis for the modification of the prior order of the court so as to deprive appellant of any future right to alimony.

The record shows that appellant received no notice, until the hearing in the lower court, that respondent would rely

upon the alleged misconduct of appellant as a defense to the contempt charges. Also, the question of appellant's right to future alimony was at no time mentioned as an issue in the case, by motion or otherwise, until the court announced its ruling, at the conclusion of the hearing, that appellant's misconduct deprived her of any right to further alimony.

Therefore, in holding that appellant was guilty of misconduct, such as to deprive her of any right to alimony in the future, the lower court determined an issue not raised by the pleadings nd which appellant had no reasonable opportunity to meet. This was error, requiring reversal.

Regardless of the informality of pleadings in matters before The Family Court, litigants are entitled to reasonable notice of the issues and opportunity to meet them.

Respondent contends, however, that appellant waived the right to now claim prejudice from lack of notice that her alleged misconduct was an issue, because appellant rejected an offer of the trial judge to continue the case when testimony was first offered. When such testimony in question was offered, the record shows that the trial judge asked appellant's counsel if he wanted to continue the case, to which counsel replied that he would have to proceed because his client was desperate and needed financial help.

The failure of appellant to seek a continuance when the testimony in question was first introduced is not dispositive of the present question. The only issue before the court was whether respondent should be held in contempt of court. In finding appellant guilty of adultery and respondent guilty of contempt, the lower court held, in effect, that appellant's misconduct was no defense to the contempt charge. The question of whether the previous order of the court should be modified so as to deprive appellant of the right to alimony in the future was not raised by the pleadings, nor was any motion made to include it as an issue. The first mention of the latter question occurred at the conclusion of the hearing

when the trial judge ruled that appellant's misconduct deprived her of any right to further support payments. Certainly, appellant waived no rights by failure to seek or accept a continuance so as to meet an issue which was not raised by the pleadings and, of which, she had no notice.

The provisions of the order of the lower court which adjudged appellant guilty of adulterous conduct and rescined the previous orders requiring respondent to make alimony payments are accordingly reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.