19975

Faye Fowler BIGHAM, Appellant, v. Russell Andrew BIGHAM, Respondent

(212 S. E. (2d) 594)

102

*Messrs. Culbertson and Whitesides,* of Laurens, *for Appellant,*

*Wyatt Saunders, Jr., Esq.,* of Laurens, *for Respondent,*

March 13, 1975.

NESS, Justice:

This is the second time an action dealing with these parties' domestic relations has reached this Court. See *Bigham v. Bigham,* 262 S. C. 62, 202 S. E. (2d) 177 (1974). The matter currently before the court involves the propriety of a retroactive modification of accrued support payments in an order awarding an absolute divorce.

On February 8, 1973, the respondent was ordered by the Family Court of Laurens County to make support payments

of Fifty ($50.00) Dollars per week to his wife, which order respondent failed to comply with, and on May 1, 1974, he was adjudged in contempt. Approximately one month later a hearing for a divorce was held and on June 25, 1974, a divorce was granted to the appellant-wife. The total arrearage of the support order was Two Thousand Four Hundred ($2,400.00) Dollars at the time of the hearing for final divorce. An additional One Hundred ($100.00) Dollars accrued by the time the divorce decree was issued. In this decree the Family Court reduced the support payments to One Thousand Six Hundred Ten and 24/100 ($1,610.24) Dollars in satisfaction for all past, present, and future alimony. Additionally, the husband was to pay the costs of the previous appeal and attorneys' fees. The total of the husband's obligation under this order, including reduced accrued support, costs of appeal and attorneys' fees, amounted to approximately Two Thousand Five Hundred ($2,500-.00) Dollars.

Appellant first contends that the issue of past due support payments was not properly before the court.

The wife in her complaint sought to have the husband held in contempt, and the defendant-respondent in his answer and counterclaim asked the court to vacate its order *in toto;* hence the concomitant issue of an award for the amount of accrued payments was properly before the court. In *Jeter v. Jeter,* 193 S. C. 278, 284, 8 S. E. (2d) 490, 493 (1940) a wife filed a request for contempt proceedings against her husband for his failure to provide support as previously ordered by the court. The husband sought a retroactive modification. It was held that it was within the jurisdiction of the court to order the relief sought.

"If a Court of equity had no such authority the matter of contempt proceedings would be automatic. The Judge would have no discretion but upon each application the Court would have to hold the person failing to pay the alimony in contempt and put him in jail, even though it might appear that ill health or financial disaster had come upon the de-

linquent husband and that he was in such condition as to be unable to comply with the orders. This is a monstrous doctrine that a Court of equity has to act automatically without any discretion."

Contempt is an extreme measure; this power vested in a court is not lightly asserted. Prior to invoking this power the court must necessarily consider the ability of the defendant to comply with the order. Contempt results from the willful disobedience of an order of the court. Before a person may be held in contempt, "the record must be clear and specific as to the acts or conduct upon which such finding is based." *Edwards v. Edwards,* 254 S. C. 466, 468, 176 S. E. (2d) 123, 124 (1970); *Long v. McMillan,* 226 S. C. 598, 86 S. E. (2d) 477 (1955).

We need not delicately weigh the facts to determine whether the modification issue was technically before the court, inasmuch as appellant is entitled to relief upon a consideration of the record and the case on its merits. The court was clearly in error in reducing the accrued alimony payments without any evidence whatsoever before it to justify such a change.

The appellant next asserts that the lower court was in error in failing to award future alimony, contending that there was no substantial change of conditions warranting the judge's failure to continue the issue of future alimony. It does not appear to us that the lower court has properly considered this issue.

The provisions of the order of the lower court which reduced the accrued support payments and denied future alimony payments are accordingly reversed.

We direct that the lower court:

(1) Adjudge the wife entitled to the sum of Two Thousand Five Hundred ($2,500.00) Dollars support money accrued at the time of the divorce, in addition to the costs and attorney's fees of the first appeal and the costs of the divorce action, including the present appeal.

(2) That the court hear any proffered evidence and judiciously consider the issue of what further alimony, if any, the wife be entitled to in connection with, or subsequent to, her divorce decree and render its decision by making its specific finding of facts and conclusion of law compatible with Section 10-1412 of South Carolina Code and Family Court Rule 13.

(3) That the court promptly enforce against the errant husband its contempt judgment of May 3, 1974.

Reversed and remanded for further proceedings.

Moss, C. J., and LITTLEJOHN, J., concur.

LEWIS and BUSSEY, JJ., concur in result.

BUSSEY, Justice (concurring and dissenting) :

I am in accord with the result reached in the opinion of Mr. Justice Ness, but not entirely in accord with the opinion. Such seems to imply, if it does not expressly hold, that any time the contempt power of the court is invoked the court must, *ex mero motu,* raise and consider the ability of a defendant to comply with a prior order of the court, and consequently whether or not such should be retroactively modified. Such is, I think, clearly not the law.

The case of *Ex Parte Jeter,* 193 S. E. 278, 8 S. E. (2d) 490 (1940) is authority for the proposition that in a contempt proceeding a court of equity does have the power to retroactively modify an alimony award, at least to the extent of not punishing a defaulting husband, for contempt, upon a showing by him of an inability to comply. I know of no authority, however, for the proposition that the mere invocation of the contempt power of the court *ipso facto* raises the ancillary question of modification. To the contrary, in a contempt proceeding the wife makes out a *prima facie* case of contempt by proving the alimony decree and default in payment thereof and the burden is upon the husband to establish his defense, if any he has. *Mixson v. Mix-*

*son,* 253 S. C. 436, 171 S. E. (2d) 581 (1969). The default of the husband in this case is admitted and he asserted as his only justification or defense for such default alleged misconduct on the part of the wife which he, however, did not even seek to prove, assuming such to be a valid defense. Neither his pleadings nor the record contains any contention on his part of any inability to comply with the order of the court.

In any event the contempt issue was decided adversely to the respondent husband on May 3, 1974, a month prior to the hearing of the divorce action on its merits. Upon the later divorce hearing, without any issue of modification being before the court and without any evidence whatever to support such, the court simply proceeded to retroactively reduce the accrued alimony payments in the precise amount of the costs and attorney's fees which the wife was entitled to as a result of winning the prior appeal to this Court. The effect of such order by the lower court was to deprive the wife, in substantial part, of the benefit of a judgment in her favor by the Supreme Court of South Carolina. The order also had the effect of improperly modifying, if not vacating, the lower court's order of May 3, 1974 adjudging the husband in contempt, no such issue being before the lower court at the time. The lower court was patently in error in these particulars.

LEWIS, J., concurs.