**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aminah A. Richburg, Appellant,

v.

Andre Richburg, Respondent.

Appellate Case No. 2021-001317

———————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-271
Submitted July 11, 2023 – Filed July 19, 2023

———————

**AFFIRMED**

———————

Aminah A. Richburg, of Greenville, pro se.

Andre Richburg, of Simpsonville, pro se.

———————

**PER CURIAM:** Aminah A. Richburg (Mother) appeals a family court order holding Andre Richburg (Father) in contempt for failing to pay uncovered medical expenses for the parties' children from 2008 through 2012 and directing Father to pay $1,185. Mother asserts many issues on appeal. We affirm pursuant to Rule 220(b), SCACR.

As to whether the family court erred by directing Father to pay only $1,185 of the children's uncovered medical expenses—instead of the $2,180.16 Mother asserted Father owed—we hold the family court did not err because Mother failed to provide the court with evidence to support her calculation. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."); *Davis v. Davis*, 372 S.C. 64, 82, 641 S.E.2d 446, 455 (Ct. App. 2006) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *id.* ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))). Thus, the family court properly ordered Father to pay the amount Father acknowledged he owed. Further, the family court did not err by failing to find Father in willful contempt of court for nonpayment of uncovered medical expenses between 2012 and the date of the hearing because Mother did not present to Father documentation of the owed expenses until the date of the hearing.[1] We note the family court's order provides Mother a mechanism to seek those expenses.

---

[1] To the extent Mother contends she presented Father with proof of the uncovered medical expenses when she filed her rule to show cause, Mother gave the family court conflicting statements. Mother first stated she served Father documentation of the uncovered medical expenses with her rule to show cause, but she later stated to the court that the rule to show cause hearing was the first instance in which she made Father aware of the expenses from 2012 until the 2021 hearing. Regardless, Father cannot be held in willful contempt for failing to pay expenses he was first informed he owed in the rule to show cause that sought to find him in contempt for his nonpayment of said expenses. *See Davis*, 372 S.C. at 81, 641 S.E.2d at 455 ("Contempt results from the *willful* disobedience of an order of the court." (emphasis added) (quoting *Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975))); *id.* ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Widman*, 348 S.C. at 119, 557 S.E.2d at 705)).

Next, to the extent Mother argues the family court erred by sustaining Father's objection to Mother's testimony about the school expenses she paid and sacrifices she made for the children, this issue is abandoned because Mother did not provide argument or supporting authority in her appellate brief. *See Glasscock, Inc. v. U.S. Fidelity & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

Finally, we hold all remaining issues are not preserved for appellate review because they were not raised to and ruled on by the family court. *See Kosciusko v. Parham*, 428 S.C. 481, 506, 836 S.E.2d 362, 375 (Ct. App. 2019) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003))); *id.* ("Issues not raised and ruled upon in the [family] court will not be considered on appeal." (quoting *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94)); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000))); *id.* ("Without an initial ruling by the trial court, a reviewing court simply is not able to evaluate whether the trial court committed error."); *id.* at 212, 634 S.E.2d at 54-55 ("Therefore, when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.